Harris, . J.
 

 By the commencement of the proceedings supplementary to execution against his judgment debtor, the plaintiff acquired an inchoate lien upon his interest, whatever that may have been, in the lot purchased of Woods. But to perfect this lien and- secure the benefit of his proceedings, it was necessary that he should obtain an order under the two hundred and ninety-seventh section of the Code, directing the property of his debtor to be applied in satisfaction of his judgment, and also procure the appointment of a receiver to carry that order into effect. Such orders would have had the effect to divest the debtor of his interest in the property, and to vest it in the receiver for the benefit of the plaintiff.
 
 (Porter
 
 v.
 
 Williams,
 
 5
 
 How.,
 
 441;
 
 S. C. on appeal,
 
 5
 
 Seld.,
 
 142.) I think, too, that
 
 *537
 
 these proceedings might have been had, notwithstanding the failure of the judgment debtor to appear in obedience to the requirements of the order served upon him.
 

 But these proceedings were abandoned by the plaintiff, and it is now too late for him to derive any benefit from them. This suit was commenced after the judgment debtor had received from the defendant McLoud the full amount of his interest in the lot, and left the state. I know of no principle upon which the lien acquired by the plaintiff upon the debtor’s property by the commencement of this action, which is in the nature of a creditor’s bill, can be made to relate back to the proceedings before the county judge. The two proceedings have no proper relation to each other. As against the defendant McLoud, the plaintiff has established no cause of action whatever. The judgment on the report of the referee was, therefore, properly reversed.
 

 But it is insisted that the Supreme Court upon such reversal was not authorized to render final judgment. The case of
 
 Astor
 
 v.
 
 L’Amoreux
 
 (4 Seld., 107) is relied upon to sustain this position. In that case the plaintiff had recovered a judgment in an action for rent. There was no pretence that the allegations in his complaint were not sufficient, if proved, to sustain the action. He had given such proof as induced the court, at the trial, to render judgment in his favor. Upon appeal, the Superior Court reversed the judgment, and instead of ordering a new trial, rendered final judgment for the defendant. This was clearly wrong. It was impossible for the appellate court to know that, though it might deem the proof which had been given insufficient to sustain the judgment, the defect might not be supplied upon another trial.
 

 But where the appellate court can see that no possible state of proof, applicable to the issues in the case, will entitle the party to a recovery, it is not necessary, or even proper that a new trial should be awarded. In my judgment this is such a case. The plaintiff cannot, by any proof
 
 *538
 
 adapted to his own allegations, entitle himself to a judgment in his favor. "
 

 The judgment of the Supreme Court should therefore be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.