Taylor *v.* Rennie.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard*, Justices.]

———————•◦•———————

## TAYLOR *vs.* RENNIE and others.

The plaintiff, holding a note made by the defendants, wrote a letter to the latter, on the 27th of October, 1858, saying that if they would send him a draft on New York for the amount of such note, &c. he would send the note to the defendants, on receipt of the same; and requested to hear from them by return mail. *Held* that the letter required an acceptance of the proposition contained in it by return mail. And that if it was not so accepted, the plaintiff was at liberty to consider it as rejected, and to proceed in the same manner as if it had never been made.

*Held, also,* that the defendants having suffered four days to elapse, after the plaintiff's letter should have been received, by due course of mail, without replying, the plaintiff was not bound to wait any longer, but was at liberty to commence an action.

And the circumstances under which the proposition was made having changed, before the draft was received, by the incurring of expenses, and the plaintiff having receded from his proposition, the defendants had no right to in-

Taylor *v.* Rennie.

sist that the draft should be received in full of the amount due upon the note, without paying also the costs of a suit the plaintiff had previously commenced, on the note.

THIS action was brought on a promissory note, signed by the defendants, A. & W. J. Rennie, and indorsed by the defendant Benjamin N. Loomis, dated July 21, 1858, for $90, payable three months after date, with interest from July 1st, 1858, at the Bank of Binghamton. The note fell due and was protested on the 23d day of October, 1858, (the 24th being Sunday.) On the 27th of October the plaintiff wrote the following letter to the makers:

"New York, Oct. 27th, 1858.
Messrs. A. & W. J. Rennie:

Gent.—In reply to yours, I would say that if you will send me a draft on New York for the amount of your note, and one dollar for expenses of protest, &c., I will send it to you upon receipt of the same. Let me hear from you by return mail. Respectfully yours, JAMES M. TAYLOR."

On the 3d day of November the makers purchased a draft for 62 cents less than the amount of the note, and one dollar expenses, and mailed it, directed to the plaintiff at New York, which was received by the plaintiff at 5 o'clock P. M. of November 5th, and after this suit was actually commenced, by the service of the summons and complaint on the defendants, which was served before noon of November 5th. On the 6th day of November the plaintiff's attorneys wrote the makers of the note a letter, declining to accept the draft unless the costs were paid, amounting to $17. On the 8th November the makers replied, declining to pay costs. On the 9th November the plaintiff's attorneys wrote the makers that the draft was subject to their order; that they should not receive it, and declining to surrender the note.

On the trial, at the New York circuit, in January, 1859, before Justice DAVIES, and a jury, the defendants read in evidence a stipulation of the plaintiff, in the words and

figures, following: "The plaintiff hereby stipulates to admit, on trial of this action, that the draft mentioned in the answer of the defendants, of which the following is a copy, to wit:—'$92.53. Broome County Bank, Binghamton, Nov. 3d, 1858. Metropolitan Bank, New York, pay to the order of James M. Taylor, ninety-two 58-100 dollars. No. 7875. (Signed,) T. R. Morgan, Cashier'—was procured and purchased by the defendants, of the Broome County Bank, on the 3d day of November, 1858, and sent by mail to the plaintiff, at the city of New York, that being plaintiff's post office address, before the summons and complaint were .served by the sheriff of Broome county, or received by him, and that said draft was, on the afternoon of Nov. 5th, 1858, at 5 o'clock, received by said plaintiff, and that he still retains the same in the hands of his attorneys in this action."

The plaintiff produced the draft sent by the defendants, and offered to surrender it to the defendants, but they declined to receive the same.

The evidence being closed, the justice found for facts the following: That the note upon which the action was brought, fell due October 24, 1858, at Binghamton, and was duly protested. That the defendants made and indorsed the note, as charged in the complaint. That on the 27th October, 1858, the plaintiff wrote the defendants the letter set forth in the evidence; that the same was received by the defendants on the 28th or 29th day of October, 1858. That on the 3d day of November the defendants procured the draft set forth in the evidence, and sent the same on that day, by mail, to the plaintiff, and that the plaintiff received the same on the afternoon of November 5th, 1858. That the plaintiff, on the 6th day of November, 1858, wrote to the defendants that $17 costs were made, and that he would not receive the draft unless these costs were paid; that the defendants, on the 8th day of November, wrote to the plaintiff's attorneys that they would not pay any costs, and that they would put in a defense, unless the note was given up, and that on No-

Taylor *v.* Rennie.

vember 9th, 1858, the plaintiff's attorneys wrote to the defendants, declining to receive the draft, and stating that the same was subject to the defendants' order. That the papers to commence this action were sent forward from New York to Binghamton on the 4th day of November, 1858, and were received by the sheriff of Broome county, and served before noon of November 5th, 1858. That the amount of said note, and one dollar expenses, on the 3d day of November, 1858, was $93.15, and the draft sent was $92.53. That the plaintiff produced on the trial the said draft, and offered to surrender the same to the defendants' counsel, who declined to receive it. And as conclusions of law, the court held, that the plaintiff's offer to accept a draft in payment for the note was not on condition that it should be sent by return mail, nor on condition that the defendants should accept the proposition by return mail. That the defendants had a reasonable time in which to purchase the draft and send the proceeds. That the draft was sent forward in a reasonable time, and the plaintiff should have waited until he heard whether the defendants should comply, at least a reasonable time. If the plaintiff incurred costs, he took the risk of them, if the draft was sent, as it was, in a reasonable time. That as no objection was taken to the amount of the draft when received, and as it equalled the note, into a few cents, it was too late to take that objection, and that judgment must accordingly be given in favor of the defendants.

The counsel for the plaintiff, in due time and manner, excepted to the several conclusions of law found by the said justice, and particularly to the finding, that the offer of the plaintiff to accept a draft was not on condition that such draft was to be sent by return mail, nor that they (the defendants) were to accept by return mail; also to the finding that the defendants had a reasonable time in which to purchase the draft and send it forward; also to the finding that the draft was sent forward in a reasonable time, and the plaintiff should have waited until he heard whether the de-

Taylor *v.* Rennie.

fendants should comply; also to the finding that if the plaintiff incurred costs, he took the risk of them; also to the finding that it was too late at the trial to object to the amount of the draft; and also to the rendering judgment for the defendants. The plaintiff appealed.

*Sheldon & Brown,* for the appellant.

*Wm. Barrett,* for the defendants.

BARNARD, J. We differ with the court below in the construction of the letter of October 27, 1858. In our view, that letter required an acceptance of the proposition contained in it, by return mail. Consequently, if not so accepted, the plaintiff was at liberty to consider it as rejected, and to proceed the same as if it had never been made.

The letter was mailed October 27. By due course it was received by the defendants on October 29th. The defendants did not mail any answer to it till November 3d. Thus at least four full days (one of them being Sunday, and another, general election day throughout the state) intervened. The plaintiff, before the receipt of the draft, had commenced suit. The plaintiff having waited sufficiently long to allow the terms of his proposition to be met, and a reasonable time having elapsed for the receipt of an answer in due course of mail, was not bound to wait any longer, but was at liberty to regard his proposition as rejected, and to proceed at once.

The learned judge who decided the case in the court below remarks, that one of the intervening days was election day. It is true that one of the intervening days was election day in this state, but it is not found as a fact; nor is there any evidence that it was election day in the state of Connecticut; nor can the court take judicial cognizance of the fact, even if it existed. He also intimated that the defendants had a reasonable time to purchase the draft. But the terms of the letter of October 27th did not contemplate that a draft

Taylor *v.* Rennie.

should be sent by return mail, but merely an answer whether the proposition would be accepted or not. It was not necessary for the defendants to wait to purchase a draft before they mailed an answer accepting the proposition. But even on the theory that a draft was to be sent under the terms of the letter of October 27th, still the draft was not sent within a reasonable time. That letter was received on Friday the 29th. The defendants had the whole of Saturday, the 30th, to purchase the draft. The 31st was Sunday. Then the defendants had the whole of Monday, the 1st of November, in which to mail the letter; and assuming that the 2d was not election day in the state of Connecticut, then they had the whole of the 2d. The defendants did not even attempt to purchase a draft or send an answer till November 3d. It is apparent that a draft could have been purchased and mailed in one day, as in fact it was. We see no reason why the defendants could not have made the purchase and mailed the draft on the 30th October, the day after receiving the plaintiff's letter. Especially in this case did it behoove the defendants to be prompt in mailing either a draft or an answer, the same or the next day after the receipt of plaintiff's letter, as the draft was to pay an indebtedness due from the defendants to the plaintiff. The draft was clearly not remitted within a reasonable time after the receipt of the plaintiff's letter.

2d. The most favorable construction for the defendants that can be given to the letter of October 27 is, that it is a promise to give time for the payment of an existing debt for such reasonable length of time as would allow a draft to be sent, for its payment.

The elementary works lay down the following principle: " A promise by a creditor to accept less than the full amount of his demand, or to give time for the payment of an existing debt, is void unless there be some new consideration, such as an undertaking to give an additional or different security, or to pay the debt in a manner or at a time more beneficial

to the creditor than that originally agreed upon ; or unless an uncertain claim be reduced to a certainty ; or unless the creditor's engagement to take less than his demand, or give time, be contained in a composition deed or agreement entered into by the debtor with his creditors generally. In the latter case it would be a fraud on the creditors to sue the debtor for the remainder of the claim." The payment of a debt by a draft is for the convenience and benefit of the debtor, and not of the creditor. The creditor is entitled to be paid in specie at his own door; and we cannot say that a payment of a debt due, by a draft, instead of in specie, is a payment at a time and in a manner more beneficial to the creditor than that originally agreed upon. Nothing appears in the case showing that the defendants have been injured in consequence of relying on the letter of October 27th. The draft has been at their order. We are consequently of opinion that the plaintiff was not bound to wait one hour after the mailing of the letter of October 27, but was at liberty to proceed at once. We regard the letter of October 27 as a mere courtesy extended to the defendants, to enable them to pay the debt in a manner most convenient to them, before suit brought. The courtesy called for immediate and prompt action. If the defendants did not sufficiently appreciate the courtesy to accord that action, it is that want of appreciation which has involved them in litigation and subjected them to costs.

This case does not fall within the exception stated in *Edmonston* v. *McLoud*, (16 *N. Y. Rep.* 543.)

The judgment should be reversed, and a new trial ordered ; costs to abide the event.

LEONARD, J. The plaintiff made a proposition to the defendants, from which he could recede if he pleased. Before the draft came to hand, the circumstances under which the proposition was made had changed. Expenses were incurred. The plaintiff had receded from his proposition. The defend-

Gilmore *v.* Atlantic and Pacific R. R. Co.

ants were required to act promptly, when the plaintiff's proposition was received. The defendants delayed so long that the plaintiff had incurred expense before the defendants' draft came to hand. The plaintiff was not guilty of any misconduct in commencing suit.

The defendants were liable for the costs of suit when their answer was put in.

The judgment should be reversed and a new trial ordered.

CLERKE, P. J. concurred.

Judgment reversed.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Leonard* and *Barnard,* Justices.]