## BURKHARDT v. McCLELLAN.

June, 1862.

Reversing in effect, 7 *How. Pr.* 329.

To make a levy of an attachment on real property effectual, even as against a *bona fide* purchaser, it is not necessary that the sheriff should actually take possession of the property.

It is enough if he duly makes and returns an inventory, as required by the statute ; and it is not essential for this purpose, that he even go upon or see the land.*

On reversing a judgment, a new trial will not be ordered, if no possible proof, under the issue, can entitle respondent to judgment.

Michael Burkhardt brought this action in the supreme court, against Giles Sanford (for whom, on his death pending the action, Robert H. McClellan, administrator, was substituted as defendant), to recover back a sum of money he had paid to redeem land from a sheriff's sale.

The land was uninclosed and unoccupied woodland, which belonged, in 1850, to one Bradley, a resident of Connecticut. On April 27, 1850, Sanford, the original defendant in this suit, sued Bradley in the supreme court, and on that day obtained

---

* This case, although decided by a divided court, is a recognized authority upon these points. Rodgers v. Bonner, 45 *N. Y.* 379 ; affirming 55 *Barb.* 9. Consult also, beside authorities in the text, Allen v. Portland Stage Co., 8 *Greenl.* 207, where it was held that the oath of the appraisers, being the first step of the officer, was the time when the levy was made.

It is not necessary, under the Code, to leave a copy of the process with the party in possession. Rodgers v. Bonner (*above*). As to the requisites of a levy on *personal* property, see Bond v. Willet, p. 165 of this vol., and cases there cited ; Stone v. Miller, 62 *Barb.* 431.

Burkhardt v. McClellan.

the issue of an attachment, as a provisional remedy under the Code of Procedure, against Bradley's property.

On April 30, the warrant of attachment was delivered to the sheriff, and soon afterward, and on the same day, the sheriff returned to the judge who issued the warrant, an inventory and appraisal of the land in question. On the same day Sanford filed in the county clerk's office a notice of the pendency of the action and that a warrant affecting the land in question, had been issued, &c.

On May 3, 1850, after these proceedings had been taken, but before judgment in the attachment suit, Bradley sold the land to the present plaintiff, Burkhardt, who was not informed of the attachment, and the next day Bradley gave a deed and received a part payment of three hundred dollars, and a purchase money mortgage for twenty-nine hundred dollars, whereupon Burkhardt took possession of the land. On May 13 he learned of the attachment by being served with a copy of the warrant. The deed was recorded November 4, 1850.

On August 28 following the conveyance, Sanford recovered judgment in the attachment suit, and on December 30, 1850, caused the land to be sold on execution thereon.

Within the year limited by statute, the present plaintiff, Burkhardt, as Bradley's grantee, redeemed the land from the sale, by payment of the amount and interest, and immediately brought this action to recover back the sum so paid.

The judge before whom the cause was tried held that the attachment did not bind the land, and that plaintiff was entitled to recover back the money he had paid to redeem.[*]

*The supreme court* reversed the judgment, and ordered the complaint to be dismissed. Two of the judges were of opinion that the attachment bound the land; the other was of opinion that Burkhardt concluded himself by redeeming. Citing 7 *Hill*, 159; 2 *Den.* 26; 12 *N. Y.* 312; 9 *Cow.* 674; 1 *Wend.* 355; 4 *Hill*, 589. Plaintiff appealed to this court.

*Le Grand Marvin*, for plaintiff, appellant;—Cited 7 *How. Pr.* 340; *Code of Pro.* § 132, as it stood in 1849 and 1850. Mur-

[*] A motion for an injunction, on which the same question was involved is reported as Burkhardt v. Sanford, 7 *How. Pr.* 329.

ray *v.* Ballou, 1 *Johns. Ch.* 576 ; Murray *v.* Blatchford, 1 *Wend.*
618 ; Roberts *v.* Jackson, 1 *Id.* 485 ; Ransom *v.* Halcott, 18 *Barb.*
56 ; Learned *v.* Vandenburgh, 8 *How. Pr.* 78 ; 1 *Abb. Dig.* 321,
§§ 183–189 ; Harmony *v.* Bingham, 12 *N. Y.* (2 *Kern.*) 99.

*John H. Reynolds,* for defendant, respondent ;—Cited, as to the
effect of the redemption payment, Silliman *v.* Wing, 7 *Hill,* 159 ;
*Exp.* Newell, 4 *Id.* 589 ; Fleetwood *v.* Mayor, &c. of N. Y., 2
*Sandf.* 475 ; Supervisors of Onondaga *v.* Briggs, 2 *Den.* 26, 39 ;
N. Y. & Harlem R. R. Co. *v.* Marsh, 12 *N. Y.* (2 *Kern.*) 308. As to
the attachment lien ; 2 *R. S.* 4 ed. 188, §§ 7, 8 ; *Code of Pro.*
§§ 227, 231, 232 ; Renard *v.* Hargous, 13 *N. Y.* (3 *Kern.*) 259 ;
Burkhardt *v.* Sanford, 7 *How. Pr.* 329 ; Am. Exch. Bk. *v.* Morris
Canal Co., 6 *Hill,* 363 ; Learned *v.* Vandenburgh, 7 *How. Pr.*
379 ; 8 *Id.* 77 ; *Crocker on Sh.* § 369 ; Taylor *v.* Mixter, 11
*Pick.* 341 ; Perrin *v.* Leverett, 13 *Mass.* 128 ; Crosby *v.* Allyn,
5 *Greenl.* (*Me.*) 455 ; *Voorhies Code,* § 232, notes ; Griswold *v.*
Miller, 15 *Barb.* 520.

WRIGHT, J.—If Sanford acquired a lien on the real estate of
Bradley before the conveyance to the plaintiff, the latter took
his title subject to such lien, and the former would be entitled
to the money paid on the redemption of the land.

In this view of the case, the question is,—Whether the
sheriff of the county of Erie attached the land prior to May 4,
1850 ?

Bradley, the debtor, and conceded owner of the premises up
to the latter date, was a non-resident ; and a warrant of attach-
ment against his property was regularly allowed by a justice of
the supreme court, on April 29, 1850. This warrant was re-
ceived by the sheriff of the county of Erie, on April 30, upon
which day he made an inventory, appraisal and return. His
official indorsement on the attachment will bear no other con-
struction than that the land was attached on that day. The
property in question was unoccupied real estate, belonging to
a non-resident ; and it is not probable, from the evidence, that
the sheriff entered upon the land to attach it. Nor do
I think this necessary. In the nature of the case, all the officer
could do was, with the assistance of two disinterested free-

holders, to make an inventory of the property seized, and return the same to the judge issuing the warrant. This was done on April 30 (four days before the conveyance to the plaintiff), and I think Sanford's lien upon the property dated from that time. The Code does not, in terms, declare the time when the attachment becomes a lien on the property of the debtor, but it must date from the service of the process or the seizure under it, else the remedy by attachment under the Code would be idle and unavailing. It is provided that at the time of issuing the summons, or afterwards, the plaintiff may have the property attached, "as a security for the satisfaction of such judgment as the plaintiff may recover." The sheriff is, on receiving the warrant, to attach and safely keep the property of the defendant to answer any judgment that may be obtained in the action; and the judgment is to be satisfied out of the property attached. *Code*, §§ 231, 232, 237. In the light of these provisions, no other construction can prevail than that the lien of the attachment dates from the seizure or levy under it.

Being of the opinion that there was a valid attachment of the land prior to its being conveyed to the plaintiffs, I have not discussed the further question in the case, viz: whether the plaintiff, as the grantee of Bradley, having redeemed the land sold under the execution against Bradley, by presenting the necessary papers and paying the sheriff the amount for which it was sold, with interest, and thus acquiring such interest as had passed to Sanford on the purchase, can recover the money back in this action, it having been voluntarily paid, with a full knowledge of all the facts, and under no mistake of fact.

The supreme court ordered the complaint to be dismissed, instead of granting a new trial. This was not error, for " no possible state of proof applicable to the issues in the case will entitle the plaintiff to recover." All the facts upon which the rights of the parties depend are undisputed, and are all substantially set out in the plaintiff's complaint, and it is impossible that they can be changed or modified. Edmonston *v.* McLoud, 16 *N. Y.* 543.

The judgment of the supreme court should be affirmed.

In this opinion, DAVIES, WM. F. ALLEN and GOULD, JJ., concurred.

S. L. SELDEN, Ch. J., who on a previous argument had expressed the same opinion, was absent. SUTHERLAND and DENIO, JJ., were also for affirmance on another ground.

Judgment affirmed, with costs.