BARKLEY, appellant, *v.* TIELEKE, respondent.

PRACTICE — *findings by supreme court.* This court cannot find the facts from the evidence produced at the trial in the court below, and order that the judgment be entered thereon.

SAME — *judgment upon the findings — new trial.* When the facts have been found by the court below and are not disturbed, and the conclusions of law are erroneous, this court will not order a new trial, but direct that the proper judgment be entered according to the facts.

THE original appeal is reported *ante*, 59.

CHUMASERO & CHADWICK and SHOBER & LOWRY, for the motion to set aside the judgment.

. This court had no jurisdiction to render the judgment. .Its powers are limited in section 378 of the Civil Practice Act. *Barkley* v. *Logan*, *ante*, 296. This court has no right to render an original decree after a decision has been reversed. The party against whom the reversal is ordered should have an opportunity to present his case. *Cuff* v. *Dorland*, 57 N. Y. 560 ; *Meyer* v. *Louisville*, 26 Barb. 609 ; *Griffin* v. *Marquardt*, 17 N. Y. 28 ; 3 Estee's Pl. 751–5, and cases cited.

The supreme court in New York and California has directed what judgment shall be entered when there were special findings, and it was apparent that in no state of proof, applicable to the issues, could the respondent be entitled to a judgment. *Bell's Admx.* v. *Golding*, 27 Ind. 173.

TOOLE & TOOLE, contra.

Only one question was tried by the court below—Who should have judgment upon the findings? This court has determined the character of the judgment to be entered in accordance with the constant practice of all courts of appeal under similar statutes.

BLAKE, J.    At the August term, 1874, this court reversed the judgment of the court below in favor of the respondents, and ordered that a final decree be entered for the appellant.    The respondents then filed a motion to set aside this order and ask that the cause be remanded for a new trial.    It is claimed by the respondents that this court had no authority to make the order, and we are called upon to consider this question.

The jurisdiction of this court over the subject is defined in section 378 of the Civil Practice Act, which provides that the supreme court may reverse, affirm or modify the judgment or order appealed from, and set aside, confirm or modify any of the proceedings subsequent to, or depending upon, such judgment or order, and, if necessary or proper, order a new trial.

The appellant and respondents claimed certain ditches, dump ground and water privileges, and the complaint and answer contain general and special prayers for an adjudication of their rights and equitable relief.    The action was tried by the court without a jury, and the facts found, and conclusions of law thereon, were stated separately in the finding which was filed.    No exceptions to the findings of the facts were taken by the parties.    Upon the trial of an issue of fact by the court, judgment must be entered in accordance with the findings.    Civ. Pr. Act, § 220.    At the hearing of the appeal, this court did not disturb the findings of the facts, but held that the legal conclusions of the court below were erroneous.    *Ante*, 59.    Under these circumstances it was not deemed "necessary or proper" to remand the cause for a new

trial, and the order complained of directed that the judgment be rendered according to the facts.

This court followed the decisions of California and New York, under the same statute. In *Love* v. *Shartzer*, 31 Cal. 488, it is held, that if the judgment is erroneous and the findings of the facts are such as to enable the supreme court to determine what kind of a judgment should have been rendered, the court below will be directed to enter the proper judgment. The courts of New York decide that the appellate courts have the power to order a final judgment when the facts have been found by the court below. *Edmonston* v. *McLoud*, 16 N. Y. 543; *Cuff* v. *Dorland*, 57 id. 560. The cases cited by the respondents establish the principle that this court cannot find the facts from the evidence and enter judgment thereon. We admit that this rule is correct, but it is not applicable to this case.

The statutes regulating the jurisdiction of this court have been complied with. It was not necessary or proper to order a new trial of this action. The facts had been found and were before this court, and the order commanding that the final judgment should be rendered thereon was a legal result.

*The motion is overruled.*