NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1885.

BILLINGS *v.* STEWART.

*In the matter of the estate of* JOSEPH B. STEWART, *deceased.*

Although the lien acquired by a judgment creditor, by the commencement of proceedings supplementary to the execution, is not divested by the death of the debtor, it cannot be enforced, in a Surrogate's court, against the assets of the estate of the decedent, unless, during the lifetime of the latter, the creditor procured the appointment of a receiver, or an order directing the application of the debtor's property in satisfaction of the judgment.

PETITION by Henry E. Billings, a judgment creditor of decedent, for a decree directing William D. Stewart, administrator of the estate of the latter, to pay the amount of his claim. The facts are stated in the opinion.

S. E. FAIRCHILD, *for creditor.*

B. H. BAYLIS, *for administrator.*

THE SURROGATE.—This decedent died in August, 1882. In November previous, at the suit of this petitioner, a judgment had been recovered against him in the Supreme court for the sum of $1,018.58. Execution was at once issued thereon, and a few days later was returned unsatisfied. On December 7th, 1881, LAWRENCE, J., made an order in supplementary proceedings, whereby the decedent was " forbidden to transfer or make any other disposition of the property belonging to him, not exempt by law from execution, or in any other manner to interfere therewith until further order in the premises." The order of Mr. Justice LAWRENCE was duly served upon the judgment debtor, who thereafter appeared as directed by such order, and was sworn and in part examined.

Pending an adjournment of these proceedings supplementary, and on the 10th of January, 1882, an order was made at a special term of the Supreme court, upon application of the judgment debtor, allowing him to come in and defend upon certain specified conditions, and directing that the " judgment, supplementary proceedings injunction, etc., stand as security." A copy of this order was served upon Stewart on January 18th, 1882. Pending the trial of the action which ensued, Stewart died. The action was subsequently revived against his administrator, and such proceedings were had that, in August, 1883, a judgment was entered in favor of this petitioner for the sum of $1,372.87.

When the supplementary proceedings were commenced, the decedent had a certain claim against the Kansas Pacific R. R. Co. Since his death, this claim has been compromised by his administrator, who has received in settlement thereof the sum of about $8,000. I am now asked to direct the administrator to pay the amount of the petitioner's judgment. The respondent claims that all funds that have come to his hands have been necessarily expended by him in defraying the reasonable expenses of administration. The petitioner insists that even such expenses should be held subordinate to his claim, and in support of his contention cites Storm v. Waddell (2 *Sandf. Ch.*, 494); Edmonston v. McLoud (16 *N. Y.*, 543); Brown v. Nichols (42 *id.*, 26); and Lynch v. Johnson (48 *id.*, 27).

There can be no doubt that, if the lien which the judgment creditor acquired by the commencement of supplementary proceedings had been in the decedent's lifetime perfected by the appointment of a receiver, the receiver's title as trustee of such creditor would have been perfect, as against an administrator appointed after decedent's death (Chautauque Bank v. Risley, 19 *N. Y.*, 369; Bostwick v. Menck, 40 *id.*, 383; Becker v. Torrance, 31 *id.*, 631; Code Civ. Pro., § 2468).

Sections 2447, 2448 and 2449 of the Code provide that, where it shall appear, from testimony in proceedings supplementary, that property of the judgment debtor is in the possession or under the control of himself or some other person, the judge by whom the order or warrant was granted, or to whom it is

returnable, may, in his discretion, there being no receiver, make an order directing the judgment debtor or such other person to deliver such property to the sheriff.   When so delivered, the property is to be treated as if it had been levied upon by virtue of an execution.   Where there is a receiver, the judge is authorized to direct the sheriff to pay to him the moneys or proceeds of property that have come to his hands in the special proceeding, etc., or if it appears to the judge's satisfaction that the services of a receiver are not necessary, he may, by an order reciting that fact, direct the sheriff to apply the money or proceeds upon an execution in favor of the judgment creditor.

Now this petitioner's proceedings in the Supreme court have never culminated either in the appointment of a receiver or in the entry of such an order as is contemplated by the Code.

In Edmonston v. McLoud (*supra*), HARRIS, J., pronouncing the opinion of the Court of Appeals, in a case arising under the former Code of Procedure, whose provisions as regards the question here presented are not essentially different from those now in force, said: " By the commencement of the proceedings supplementary to execution against his judgment debtor, the plaintiff acquired an inchoate lien upon his interest in the lot purchased of Woods.   But to perfect this lien and secure the benefit of his proceedings, it was necessary that he should obtain an order under the 297th section of the Code directing the property of his debtor to be applied in satisfaction of

his judgment, and also procure the appointment of a receiver to carry that order into effect."

In Becker v. Torrance (31 *N. Y.*, 631), Judge JOHNSON declared (p. 641) that " the proceeding supplementary to execution is a proceeding for the discovery and sequestration of the debtor's property for the purpose of satisfying and discharging the judgment. But no right is acquired, as against other creditors pursuing different remedies, until the appointment of the receiver."

It was said by EARL, J., in Brown v. Nichols (*supra*) that the lien that a judgment creditor obtains by commencing an action in the nature of a creditor's bill to collect a judgment, is not divested by the death of the debtor, and that the debtor's property passes to his personal representatives, subject to such lien.

In Lynch v. Johnson (*supra*) the Commission of Appeals held that the commencement of a proceeding under § 294 of the former. Code gave a creditor an immediate lien, and was to be regarded as an " actual levy upon the equitable assets of the debtor." It is clear, upon reference to the opinion of EARL, C., that he did not intend by this language to assert any broader doctrine than had already been pronounced in Storm v. Waddell and in Brown v. Nichols, the two cases cited in its support.

In proceedings supplementary, there is nothing corresponding to " actual levy," until the appointment of a receiver or the entry of an order directing the application of the property involved for the benefit of the party instituting the proceedings. I

think, therefore, that this petitioner must apply for relief to the Supreme court. If his claim to priority is well founded, it is because the equitable assets of this decedent were, in decedent's lifetime, locked up in his own hands by the injunction, and, since his death, have continued to be under the control of the Supreme court for enforcing the lien of petitioner's judgment.

The petitioner virtually says in his appeal to the Surrogate: "The funds that have come to the respondent's hands as assets of this estate are, as such, distributable by him among creditors less vigilant than myself only so far as they may exceed the amount of my judgment; a sum sufficient to meet that judgment belongs to me in the first instance." Now this proposition may very likely be sound, but if it is, then, until the petitioner's claim is satisfied, the assets in question are not subject to the jurisdiction of the Surrogate at all. It seems to me that in this respect there is a close analogy between the effect of proceedings supplementary and that of proceedings for attachment. In Thacher v. Bancroft (15 *Abb. Pr.*, 243) it was held by INGRAHAM, P. J., that, by the allowance of an attachment, a plaintiff acquired a right in the property attached, not to be defeated by the death of the debtor, if the action survived and the court had power to continue it against the debtor's representative. It was further held that, after the death of a debtor, the court in which judgment might be recovered against his representative could issue execution thereon, and that the action could proceed in that court, irrespectively of the provisions of law

respecting the issuance of execution by Surrogates, etc.; that the execution was but a continuance of the attachment and was necessary to secure the devotion of the attached property to the payment of the debt for which it was liable.

The application of this petitioner must be denied. No costs to either party.