JACOB ERICKSON v. JOHN WALLACE *et al.*

CONTRACT, *Not Completed — Specific Performance.* To establish a contract for the leasing of real estate, where the negotiations are conducted entirely by letters through the mails, and the plaintiff proposes to lease certain land for five years, and give security for the payment of the taxes, and the defendant replies that he can have the same for three, and there is no unqualified acceptance of such proposition and no security furnished for the payment of such taxes, *held,* that it is not a completed contract and the plaintiff is not entitled to a specific execution of the lease.

*Error from Geary District Court.*

THE opinion states the case.

*J. R. McClure*, for plaintiff in error.

*Humphrey & Humphrey*, for defendants in error.

Opinion by GREEN, C.: Prior to the 15th day of February, 1888, John Brill, one of the defendants in error, owned the north half, and the north half of the southwest quarter, and the southeast quarter of the southwest quarter, of section 8, township 12, range 7 east, in Davis (now Geary) county, containing four hundred and forty acres. The plaintiff in error desired to rent said land, and on February 8, 1888, wrote to Brill, who lived at Green Haven, New York, proposing to lease the land for the term of five years, and in payment, as rental, agreed to construct a fence so as to inclose the whole tract, and pay the taxes assessed against it during the continuance of the lease, reserving the right to remove the fencing at the expiration of the lease, and that he would furnish security for the payment of the taxes which might be assessed against the land. In answer to said letter, Brill wrote the plaintiff, on the 15th day of February, 1888: "You can have the land as written to me for three years. I wish to sell it, and shall try and sell it to you if I should see you." Upon the receipt of this letter, Erickson had a lease prepared for the period of three years, which he signed and transmitted to Brill for his signature, but did not furnish any security for the payment of the taxes; this lease was never returned to the plaintiff in error. Upon the strength of Brill's letter, Erickson inclosed the land, and on the 18th of April following, turned his stock upon it. John and William Wallace, the other defendants in error, resided on adjoining land, and, it is claimed, knew that Erickson was fencing this land. On the 23d of April, after the plaintiff in error had completed his fence, and put his stock, consisting of one hundred and seventy-five head, in the inclosure, the Wallaces went upon the land and drove all the stock therefrom, and threatened to fight the plaintiff in error, and

retained possession of the land, until restrained by the temporary order of the judge of the district court.

This action was commenced to enjoin the defendants from interfering with the plaintiff's possession or control over the land claimed to have been leased, and for a mandatory order requiring the Wallaces to remove their stock and property from the land, and that John Brill be decreed, by the judgment of the court, to execute and deliver to the plaintiff a lease to the lands containing the terms and conditions upon which it is claimed he agreed to rent the same to the plaintiff. Brill answered by a general denial, and further alleged that he never received any acceptance of his offer to the plaintiff, and that the plaintiff had never given security for the payment of the taxes as proposed by him in his first letter. John Wallace answered that he was the owner of the land in question, and William Wallace set up the defense that what he did in the premises was done as the agent of John Wallace. Upon the final hearing of the case, the district court found against the plaintiff and refused to grant him any relief, and he brings the case to this court for review.

The facts are not disputed. There is but one question in the case: Was the plaintiff entitled to the relief asked? We must answer this in the negative. As we view the facts, the plaintiff made a proposition to lease the land for five years and to furnish security for the payment of the taxes; the defendant Brill proposed to rent it for three; this letter was dated on the 15th of February, and, judging from the date of Erickson's letter, should have reached him by the 22d, and, according to the plaintiff's own evidence, was not answered until the 1st of March, and the moving consideration, so far as Brill was concerned — the security that the taxes would be paid — was not furnished, and it does not appear from the letter that the proposition was fully complied with. There was no completed contract between the parties. We do not think, upon this state of facts, the plaintiff was entitled to a judgment for the specific execution of the lease

claimed. An offer of one party assented to by the other will constitute a contract, but the assent must comprehend the whole of the proposition. It must be exactly equal to its extent and terms, and must not qualify them with a new matter; therefore, a proposal to accept or an acceptance of an offer, on terms varying from those proposed, amounts to a rejection of the offer.

"If in answer to a proposal to grant Black Acre a person replies that he is ready to close the matter and will take White Acre, there is no acceptance. Neither is there an acceptance where executory proceedings on each side are involved in the proposal, and the party professing to accept introduces a variance and formulates his adoption of the offer with conditions and qualifications which essentially alter some of the constituents or materially vary the effect." (*Eggleston v. Wagner*, Mich., 10 N. W. Rep. 37; *Burkhalter v. Jones*, 32 Kas. 5; *Baker v. Johnson*, 37 Iowa, 188; *Hamlin v. Wistar*, Minn., 18 N. W. Rep. 145; *Bentz v. Eubanks*, 41 Kas. 28.)

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.