GEORGE C. RICHARDSON *et al.* v. P. J. LENHARD.

OFFER—*Acceptance—Unreasonable Delay.* A proposition to pay $350
for a car load of apples, submitted by mail to the vendor, but de-
clined the next day, and eight days later accepted by such vendor,
imposes no obligation upon the parties making the same. The
offer, having been declined, was at an end, unless renewed by the
vendees. It is incumbent upon a party to whom a contract is sub-
mitted by post to signify his acceptance of the same within a rea-
sonable time, if he desires to take the benefits of it.

*Error from Sedgwick Court of Common Pleas.*

ACTION by *P. J. Lenhard* against *George C. Richardson,*
Herman Simon, and E. M. Billings, to recover a sum due on
a settlement for a car load of apples.   At the September term,
1889, there was a general verdict for plaintiff, and special
findings.   Defendants moved for judgment on the findings,
notwithstanding the general verdict, and, the motion being
denied, they bring error.

*John E. Hume,* for plaintiffs in error.

*Thomas C. Wilson,* for defendant in error.

Opinion by GREEN, C.: P. J. Lenhard sued the plain-
tiffs in error in the common pleas court of Sedgwick county
for the sum of $350, claimed to be due upon a compromise and
settlement for a car load of apples, sold and consigned by him

at Pierce City, Mo., to Richardson, Simon & Co., at Wichita, Kas. The plaintiff below alleged that about the 20th day of January, 1887, he sold and shipped from Pierce City, Mo., to the defendants, at Wichita, a car load of apples, for which he was to receive $569.25; that a dispute arose between the parties as to the quality of the fruit, and the defendants wrote to the plaintiff, and offered by way of a compromise to pay the plaintiff the sum of $350 for the car load of apples; that the plaintiff accepted the proposition, and agreed to take the sum named in full satisfaction, but that the defendants refused to pay the same. To this petition the defendants filed a general denial. The jury returned a general verdict in favor of the plaintiff. The jury answered the special findings submitted by the plaintiff as follows:

"1. Is it a fact that, on May 13, 1887, the plaintiff wrote and mailed a letter to defendants, which was received by them, offering to take $350 in settlement of the claims of the plaintiff? Ans. Yes, he did.

"2. Is it a fact that defendants, about May 21, 1887, received a letter again from plaintiff, requesting them to send the $350? A. Yes.

"3. Did plaintiff subsequently express his willingness to accept said sum in settlement? A. Yes.

"4. If so, when and how? A. May 13, 1887, by letter; and by draft, May 24, 1887.

"5. Did plaintiff accept the $350 before the offer was withdrawn by the defendants? A. Yes; May 13, 1887."

The special findings asked by the defendants were answered in the following manner:

"1. When was the firm of Richardson, Simon & Co. dissolved? Ans. From evidence, the firm dissolved March, 1887.

"2. Is it a fact that, on May 5, 1887, the plaintiff received a letter, dated Wichita, Kas., May 4, 1887, signed 'Richardson, Simon & Co.,' to the effect that Richardson, Simon & Co. offered the plaintiff, by way of compromise of plaintiff's claim, $350, in full satisfaction of the car of apples sold to the defendants by the plaintiff on January 20, 1887? A. Yes; received letter dated May 4, 1887.

"3. If you answer question 2 'yes,' state who wrote and signed that letter. A. Richardson, Simon & Co.

"4. On receipt of letter by plaintiff, referred to in question 2, did the plaintiff, on May 5, 1887, write and mail a letter to Richardson, Simon & Co., declining and refusing to accept such offer of $350 mentioned in question 2? A. Yes.

"5. Did the plaintiff, on May 10, 1887, write and mail letter to Richardson, Simon & Co., dated at Pierce City, Mo., wherein he offered to take $425 in full satisfaction of plaintiff's alleged claim against Richardson, Simon & Co.? A. Yes, he did.

"6. How far is it from Pierce City, Mo., to Wichita? A. About 230 miles.

"7. How long does it take for a letter to go from Pierce City, Mo., to Wichita, Kas., and *vice versa*, in the ordinary course of mail? A. About 12 hours."

The defendants filed a motion for judgment, notwithstanding the general verdict, which was overruled by the court, and this is alleged as error. It is claimed by the plaintiffs in error that the findings of fact show conclusively that the proposition to settle for $350 was never accepted, but was in fact declined, and that the plaintiff below made and submitted a new proposition, which the defendants never accepted. The contention of the defendant in error is, that the offer of May 4 was accepted on the 13th of May, and, as there had been no withdrawal of the proposition, the acceptance was binding upon both parties. From the special findings of the jury we are of the opinion that the minds of the parties never met so as to constitute a binding obligation. The proposition of the defendants to settle for $350 was declined by the plaintiff on the next day after it was mailed. This was the offer, by mail, which the plaintiff declared on in his petition, and which he alleged was accepted; but the findings do not support the allegations of the petition. The answer to the fourth finding submitted by the defendants shows that the offer of $350 was declined by the plaintiff. The claim of the defendant in error that the proposition was not withdrawn, and the plaintiff below was at liberty to accept it eight days after it had been made and declined, cannot be maintained. The offer to pay

$350 was rejected, and was therefore at an end. A proposition to enter into a contract submitted by mail, to be binding, should be accepted within a reasonable time, and if not so accepted the party making the offer is released from all liability. (*Erickson v. Wallace,* 45 Kas. 430; *Trounstine v. Sellers,* 35 id. 447; *Maclay v. Harvey,* 90 Ill. 525; *Dunlop v. Higgins,* 1 H. L. Cas. 387; *Judd v. Day,* 50 Iowa, 247; *Martin v. Black's Executors,* 21 Ala. 721; *C. & G. E. Rld. Co. v. Dane,* 43 N. Y. 240; *Taylor v. Rennie,* 35 Barb. 272; *Moxley's Administrators v. Moxley,* 2 Metc. [Ky.] 309; *Oil Co. v. Lead Co.,* 4 Dill. 431.)

In case the plaintiffs in error have been absent from the state since the original cause of action accrued, suit could be maintained for the value of the apples sold; but, under the special findings of the jury in this case, the judgment of the court cannot be sustained.

It is recommended that the judgment of the common pleas court be reversed, and that the case be remanded, with instructions to enter judgment in favor of the defendants below for costs, upon the special findings of the jury, notwithstanding the general verdict.

By the Court: It is so ordered.

All the Justices concurring.