ADAMS, J.
—This action was brought upon a contract entered into between the parties, by which the plaintiff agreed to sell and deliver to the defendants a car load of cedar posts. The plaintiff resides at the city of Oswego, and the defendants at the city of Troy, at the latter of which places the contract in question was entered into, on the 6th day of June, 1893, and a written memorandum thereof was made, of which the following is a copy:
Troy, 6—6—1893.
“ Bought this day of W. J. Dowdle 1 car load of 600 pieces 8-ft. cedar posts, 4 inches and over at top end. and being largely 4^- and over, with but a small percentage 4. Price, 16c., f. o. b. cars; here. Bayer & McOonihe.'’
*633 Upon the 15th day of June following, the plaintiff shipped to> the defendants a car load of posts by the Delaware, Lackawanna & Western Railroad Company, The car contained 975 posts, instead of the timber specified in the memorandum, and reached the city of Troy on or about the 23d day of June, and upon its arrival the defendants’ employes started to unload the same, and, in doing so, discovered that the posts were of an inferior quality. The fact was communicated to the defendants, one of whom immediately went to the car, and examined such of the posts as had been removed from, as well as those which remained upon, the car; and, becoming satisfied from such inspection that the posts were not of a merchantable quality, directed that such of them as had been taken from the car should be returned, and immediately notified the plaintiff that the defendants declined to accept the postsf for the reason that they were not the quality ordered.
The issues joined in this action were referred to a referee to hear and determine the same, and he found as a-fact in the case that the posts in question were purchased upon an implied warranty that they were to be merchantable in quality, and that the same-were not merchantable, but that tthe taking of a wagon load of posts from the car was the exercise of such an act of ownership on. the part of the defendants as amounted to a waiver upon their part of the plaintiff’s breach of the contract; and, as a conclusion of law, he has found that the defendants were liable to the plaintiff upon the contract in the sum of $64.65.
We find ourselves unable to concur in this conclusion of the-learned referee. The contract of sale in this case was executory in its character, and the referee was unquestionably justified in finding that it carried with it an implication that the posts in question should be of a merchantable quality, and that, as a matter of fact, they did not answer that description. This being the case, the defendants were not bound to accept the posts until they had been afforded a fair and reasonable opportunity to inspect the same, and satisfy themselves that they corresponded in quality with those purchased. In other words, this was a case where a defendants were called upon to make inspection within a reasonable length of time after the opportunity to do so was afforded, and then either to accept or reject the posts, and, in case of rejection, to at once notify the vender thereof. Sprange v. Blake, 20 Wend. 61; Pierson v. Crooks, 115 N. Y. 539, 26 S. R. 492.
We think the defendants did nothing which can justify be regarded asan acceptance of these posts. As soon as they learned from their employes that the posts were inferior in quality, they made personal inspection of the same, and directed that the single-wagon load which had been taken from the car, but not removed, from the freight yard should be replaced upon the very same day notified the plaintiff of their refusal to accept the same. This, it, seems to us, was all they were called upon to do; and, in view of the established fact that there was a breach of the contract upon the part of the plaintiff, we are unable to see upon what principle he is entitled to recover in the action. We think, therefore, that *634 the judgement should be reversed, and a new trial directed, with costs to abide the event.
Judgment reversed, and a new trial directed with costs to abide the event.
All concur.