(27 Misc. Rep. 200.)

HAWKINS et al. v. DEITZ.

(Supreme Court, Appellate Term.   April 21, 1899.)

CONTRACTS—RESCISSION—LACHES—REMOTENESS OF DAMAGES.

One contracting for the delivery of iron beams to weigh 50 pounds per foot saw them at the dock, and again that night at the place of delivery. They were plainly marked "40" pounds, and he testified he could tell a 40-pound from a 50-pound beam as soon as he saw it.   Held, that it was error

to allow him as damages the cost of putting the beams in the building, taking them out, rebuilding the walls, etc., his servants having put them into the building the next morning before he rescinded the contract.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Frank B. Hawkins and George H. Hawkins against Phillip Deitz. There was a judgment for defendant, and plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Alfred E. Smith, for appellants.

Chas. L. Halberstadt, for respondent.

FREEDMAN, P. J. The plaintiffs brought this action to recover the sum of $121.44, due them from the defendant for materials sold and delivered. This claim was not disputed, and was allowed in the court below. The defendant interposed a counterclaim aggregating the sum of $349.70, which amount was substantially allowed by the trial judge, and judgment was given in favor of defendant for the sum of $196.76, from which judgment plaintiffs appeal. There is no dispute as to the material facts in the case. The defendant ordered, and plaintiffs agreed to furnish him, 13 iron beams, each to weigh 50 pounds to the foot, at an agreed price of $1.35 per 100 pounds. The beams delivered under the contract weighed but 40 pounds per foot, and defendant was compelled to purchase beams elsewhere, and pay an increased price of 40 cents per 100 pounds. That the plaintiffs subsequently took their beams away from the building is conceded on the brief of defendant's counsel. The defendant was not only allowed the difference in value of the beams, but various other items of damages, such as setting the beams in the building, removing and taking out the beams, rebuilding the walls, etc., all of which was allowed upon the theory that the defendant did not discover that the beams were 40-pound instead of 50-pound beams until after the beams were set in the masonry in the walls. This was error. Defendant first saw the beams on the float near the dock. He saw them again that night at the building. The beams were plainly marked with the figures "40" (indicating their weight) on the ends, and defendant testified he could tell a 40-pound beam from a 50-pound one "as soon as he saw it." While the defendant had a reasonable time in which to ascertain whether the beams were of the proper weight or not, yet he was bound to act promptly. Dowdle v. Bayer, 9 App. Div. 308, 41 N. Y. Supp. 184; Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349. The fact that the servants or employés of the defendant put the beams into the building, and inclosed them in masonry or brickwork, the morning after their delivery, and in the absence of defendant, does not excuse him for his negligence, as the acts of his employés must be deemed the acts of himself. The trial judge might properly have found that the observation of the beams on the float near the dock, before actual delivery at the building, was not sufficient to enable defendant to have then ascertained their character, and for that reason might have allowed the item of drawing them from the dock to the building as part of the damages, together with

the difference in value of the beams; but the other charges are too remote. In a case like the one at bar the measure of recovery is limited to such damages as may fairly be supposed to have entered into the contemplation of the contracting parties,—such as might naturally be expected to flow from a violation of the contract. Cassidy v. Le Fevre, 45 N. Y. 562; Colrick v. Swinburne, 105 N. Y. 507, 12 N. E. 427. Judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.