HOWELLS et al. v. STROOCK et al.

(Supreme Court, Trial Term, New York County. February 28, 1900.)

SALES—OFFER—ACCEPTANCE.
     Where defendants, offering to buy cloth at a certain price, requested an answer by return mail, and plaintiffs replied that they would submit the offer to the mill, and five days thereafter, without other notification, delivered the cloth, and defendants receipted therefor, but immediately wrote plaintiffs, declining to accept the same, such receipt of the goods did not constitute a contract, since defendants were entitled to treat plaintiffs' letter as a rejection of their offer, and as a counter offer merely.

Action by Frank S. Howells and others against Louis S. Stroock and others. Judgment for defendants.

H. W. Thomas, for plaintiffs.
Platzek & Strock, for defendants.

McADAM, J.   The action is to recover $1,337.99 for goods sold and delivered by the plaintiffs to the defendants.   The answer is a general denial, and the issue has been narrowed down to the single question whether there was a valid sale.   On October 3, 1899, the defendants wrote to plaintiffs:

"Send us a piece of the 14-ounce green, of which you say you have thirty pieces, at 87½c. per yard.   We will look it over, and, if same is satisfactory, might purchase."

On receiving this letter the plaintiffs sent a sample piece of the green cloth referred to therein, and on October 4th the defendants, after examining the sample, wrote to the plaintiffs:

"Will buy the lot at 80c. per yard from you.   This is all they are worth to us.   Please let us know by return mail if you accept or reject."

On October 5th the following response was received by the defendants:

"We have your letter of the 4th, with offer of 80c. for the thirty pieces of green cloth similar to the piece sent you on the 4th, and will submit your offer to the mill, and advise you promptly regarding same."

The plaintiffs submitted the offer to the mill, and, receiving a favorable reply, they, on October 9th, delivered the goods to the defendants, taking their receipt therefor.   The defendants on the afternoon of the same day wrote to the plaintiffs, declining to accept the goods, and stating that they were held subject to plaintiffs' orders.

It is well settled that, in order to establish a legal contract through the medium of correspondence, it must be made to appear that there was not only a plain, unequivocal offer, but that the acceptance of such an offer was equally plain and free from ambiguity. In other words, there must have been an exact meeting of the minds of the contracting parties in respect to every detail of the purposed contract; and if the precise thing offered was not accepted, or if the acceptance was in any manner qualified by conditions or reservations, however slight, the universal rule seems to be that no valid contract is thereby established, but that such a modified or qualified acceptance must rather be treated as a rejection of the offer.   Mahar v. Compton, 18 App. Div. 540, 541, 45 N. Y. Supp. 1126, and cases cited.   The offer made by the defendants required an unqualified acceptance by return mail, and, not having been so accepted, the defendants were at liberty to consider their offer as rejected, and to proceed in the same manner as if it had never been made.   Taylor v. Rennie, 35 Barb. 272; Carr v. Duval, 14 Pet. 77, 10 L. Ed. 361; Maclay v. Harvey, 90 Ill. 525.   The plaintiffs' proposition to submit the matter to the mill was in no sense an acceptance of the defendants' offer, but, rather, in the nature of a counter proposition or offer, to which the defendants did not, by any affirmative act of theirs, assent.   Briggs v. Sizer, 30 N. Y. 651.   There was therefore no valid contract of sale, and no such acceptance of the property by the defendants as concludes them from making their defense.   Dowdle v. Bayer, 9 App. Div. 308, 41 N. Y. Supp. 184; Stone v. Browning, 51 N. Y. 211.

For these reasons, there must be judgment for the defendants.