In the Matter of the Application of the CITY OF NEW YORK Relative
to Acquiring Lands for Street Purposes (Neptune and Emmons
Avenues).*

Supreme Court, Special Term, Kings County, June 11, 1937.

* See, also, 165 Misc. 577.

*Duberstein & Schwartz,* for the petitioner Andrew W. Tully, as trustee in bankruptcy of Thomas Stavrakos.

*Kurach & Cassell,* for the respondent Lillian Kushelewitz.

*Theodore I. Finkelstein,* for the respondent Shore, Fisk Co., Inc.

*Thomas J. Gallagher, pro se.*

LOCKWOOD, J.   At the time title to the property acquired in this proceeding vested in the city, Thomas Stavrakos was the owner of fixtures included in damage parcels 139 to 143, inclusive.

In the final decree, entered on November 20, 1936, an award of $600, plus $192.50 interest, was made for such fixtures.

A warrant dated January 29, 1937, drawn to the order of Thomas Stavrakos in the sum of $802.40, is now being held by the comptroller subject to the following adverse claims:

(1) Attorney's lien for legal services rendered in this proceeding, $200.60.

(2) Third-party order served upon the comptroller December 4, 1935, based upon a judgment for $150 in favor of Lillian Kushelewitz, assignee of Louis I. Rothenberg, trustee in bankruptcy of R. F. Hall, Inc., against Thomas Stavrakos.

(3) Third-party order served March 23, 1936, based upon a judgment for $160.50 in favor of Shore, Fisk Co., Inc., against Thomas Stavrakos.

In addition, the award is subject to the lien of the city of New York for unpaid water charges, interest and penalties in the sum of $72.21.

On May 9, 1936, Thomas Stavrakos filed a petition in bankruptcy, and on the same day was adjudicated a bankrupt. The petitioner herein is his duly qualified trustee in bankruptcy. He contends that the aforementioned judgments were based upon goods sold and delivered to the bankrupt prior to his filing of the petition in bankruptcy, that such judgments were not incurred through fraud, embezzlement, or in a fiduciary capacity, that the claims of the judgment creditors are included in the schedules filed in the bankruptcy proceeding, and that proofs of debt based on the judgments have been filed by the judgment creditors with the referee in bankruptcy.

Petitioner asks that the award be applied, *first,* to payment of unpaid water charges; *second,* in satisfaction of the attorney's lien; and the balance to the petitioner as trustee in bankruptcy.

The judgment creditor, Lillian Kushelewitz, contends that she acquired a lien on the award by virtue of the third-party subpœna; that, while a debt is affected by bankruptcy proceedings, a lien is

not, and that her lien, acquired on the award over four months prior to the bankruptcy proceeding, is valid and subsisting.

Pursuant to the subpœna for examination as a third party, the comptroller of the city of New York, by its representative, appeared for examination and stated that the comptroller had not received the final decree in this proceeding, and that the third-party order would be recorded against any award made or to be made to the judgment debtor, and that such moneys would be held subject to further order of the court or stipulation by the attorneys releasing it.

In *Matter of Vantine's Retail Stores, Inc.*, ([D. C.] 43 F. [2d] 870) it was held that the mere service of a third-party order with the ordinary restraining provisions did not create a lien either equitable or otherwise in favor of the judgment creditor. The court there pointed out that noi receiver had been appointed in the supplementary proceeding and, under the New York law, none could have been, because the judgment debtor was a domestic corporation; that the supplementary proceeding could never, therefore, have developed beyond the stage of the third-party order and the examination under it, and the State court could not, in that proceeding, have ever made a disposition of the deposit.

The District Court further commented that in *Becker* v. *Torrance* (31 N. Y. 631) it was held that the mere service of a third-party order with the usual restraints did not give rise to a lien, but after the decision of that case the Code of Civil Procedure was amended so as to provide that the title of a receiver appointed in supplementary proceedings would relate back to the beginning of the proceeding, and, upon the basis of that amendment, the Court of Appeals, in *McCorkle* v. *Herrman* (117 N. Y. 297), enunciated principles which were applicable to supplementary proceeding in which receivers had been appointed, but which had no bearing upon a case where such receiver not only was not appointed but could not have been appointed.

In *Edmonston* v. *McLoud* (16 N. Y. 543, at p. 544) the court stated: " By the commencement of the proceedings supplementary to execution against his judgment debtor, the plaintiff acquired an inchoate lien upon his interest, whatever that may have been, in the lot purchased of Woods. But to perfect this lien and secure the benefit of his proceedings, it was necessary that he should obtain an order under the two hundred and ninety-seventh section of the Code, directing the property of his debtor to be applied in satisfaction of his judgment, and also procure the appointment of a receiver to carry that order into effect. Such orders would have had the effect to divest the debtor of his interest in the property, and to vest it in the receiver for the benefit of the plaintiff."

It was held in *Becker* v. *Torrance* (*supra*, at p. 641): " The right of the defendant, when he had perfected his appointment by the filing of his bond, only related back to the date of the order appointing him. The issuing and service of the order requiring the judgment debtor to appear and be examined touching his property, created no lien or interest in the property discovered by such examination, in favor of the party who instituted and carried on the proceeding, as against other creditors who might in the meantime discover property liable to execution, and cause the same to be actually seized by such process."

In *Lynch* v. *Johnson* (48 N. Y. 27, at p. 33): " Proceedings under sections 292 and 294 of the Code are parts of the same scheme for the collection of debts inaugurated by the Code. These sections furnish a simple substitute for the creditor's bill, as formerly used in Chancery. The commencement of the creditor's suit in Chancery gave the creditor at once a lien upon the equitable assets of the judgment debtor. (*Storm* v. *Waddell*, 2 Sandf. Ch. 494; *Brown* v. *Nichols*, 42 N. Y. 26.) He was rewarded as a vigilant creditor, the commencement of his suit being regarded as an actual levy upon the equitable assets of the debtor. Under sections 292 and 294, the service of the order takes the place of the commencement of the suit under the old system, and should give the judgment creditor the priority of a vigilant creditor, and a lien upon the equitable assets of his debtor."

In *McCorkle* v. *Herrman* (*supra*, at p. 302), ANDREWS, J., wrote: " Section 2469 is a new provision, not found in the former Code, and appears to have been inserted to change the rule declared in *Becker* v. *Torrance* (31 N. Y. 631), to the effect that no equitable lien was acquired by a creditor on the property of his debtor by the commencement of supplementary proceedings, and that when a receiver is appointed his title relates to the date of his appointment, and is subject to any lien on the debtor's property acquired by third persons intermediate the commencement of the proceedings and the appointment of the receiver."

And at page 305: " The creditor, whom the plaintiff represents, by the commencement of supplementary proceedings acquired, under section 2469 of the Code, an equitable lien on the debt then owing by the defendant, which on the appointment of a receiver became a legal title in the receiver to the claim of the contractor against the defendant, as of November 27, 1866, the date of the service of the order in the supplementary proceedings."

Section 2469 of the Code of Civil Procedure (now Civ. Prac. Act, § 808, as added by Laws of 1935, chap. 630), the new provision above referred to by the court, provided that, when an order for the

debtor's examination had been served, the receiver's title, when vested pursuant to section 2468 of the Code of Civil Procedure (now Civ. Prac. Act, § 807, as added by Laws of 1935, chap. 630), " extends back, so as to include the personal property of the judgment debtor, at the time of the service of the order." Prior to this amendment the title of a receiver in supplementary proceedings vested in the property of the debtor as of the date of the order appointing the receiver.

In *Reynolds* v. *Ætna Life Ins. Co.* (160 N. Y. 635, at p. 648), MARTIN, J., stated: " The provisions of the Code relating to proceedings supplementary to execution furnish a substitute for the creditor's bill as formerly used, and the service of the order under those provisions takes the place of the commencement of a suit under the old system, and gives the judgment creditor the priority of a vigilant creditor and a lien upon the equitable assets of the debtor."

The City Court of New York held, in *Rosen* v. *Lipshitz* (149 Misc. 144), that where supplementary proceedings were instituted by a judgment creditor by the service of third-party orders on two fire insurance companies, each of which submitted an affidavit in lieu of appearance stating that the judgment debtor had an agreed claim against one company for $266.29 and against the other for $238.75, " The judgment creditors have thus acquired an equitable lien on said aggregate sum of $505 owing by said insurance companies to the judgment debtor, which on the appointment of a receiver would ripen into a legal title in such receiver as of March 18, 1933, the date of the service of said third-party orders."

The motion for the appointment of a receiver of the judgment debtor's property was granted, the court stating that a general assignment for the benefit of creditors made by the judgment debtor subsequent to the service of the third-party orders did not stay or suspend the remedies of the judgment creditor, nor was the assignee such a *bona fide* purchaser without notice and for a valuable consideration as to defeat the legal title of a receiver when appointed.

In *Becker* v. *Romanzo* (245 App. Div. 185, at p. 187) the court stated: " The commencement of supplementary proceedings by the plaintiff herein gave him an interest in the nature of a lien upon the equitable assets of his debtor."

From a careful examination of the authorities above mentioned and the circumstances out of which arose the expression that " a judgment creditor acquires, by the service of an order for examination in supplementary proceedings, an equitable lien on the judgment debtor's assets," it is apparent that such so-called lien

is inchoate merely, and is not perfected until an order to deliver or pay over property is made or a receiver appointed.

In *Becker* v. *Torrance* (1864) it was flatly held that no lien whatever was created by the mere service of the order for examination. In *Lynch* v. *Johnson* (1871) the court said that the service of the order should give the judgment creditor the priority of a vigilant creditor and a lien upon the equitable assets of his debtor. *McCorkle* v. *Herrman* (1889) disaffirmed the rule in *Becker* v. *Torrance,* and stated that an equitable lien is acquired by the institution of supplementary proceedings. Such lien, however, is obviously a mere legal fiction adopted by the court because of the then new statutory provision vesting legal title to the judgment debtor's property in the receiver as of the time the order initiating the supplementary proceeding is served.

The reasoning and conclusions of the District Court in *Matter of Vantine's Retail Stores, Inc. (supra),* is, therefore, fully supported by the authorities of this State.

The respondent contends, however, that the Civil Practice Act has been amended since that decision so as to make a third-party subpœna or order in supplementary proceedings a lien; that sections 775 and 781 (as added by Laws of 1935, chap. 630) enjoin the transfer of moneys or property due or to become due the judgment debtor; that in 1934 and 1935 the Civil Practice Act was amended (Laws of 1934, chap. 148, and Laws of 1935, chap. 630) so as to give the court jurisdiction to direct the third party to pay to the judgment creditor or the sheriff or the receiver the moneys due the judgment debtor where there is no dispute as to the amount due from the third party. The respondent contends that the Legislature thus obviated the necessity of appointing a receiver and placed the judgment creditor and sheriff on a par with a receiver, which clearly shows that a lien attaches to any money due or to become due from a third party to the judgment debtor from the moment the third-party subpœna in supplementary proceedings is served.

The court cannot adopt this line of reasoning. The amendments to the Civil Practice Act afford no reason to change the belief, heretofore expressed, that the service of a third-party order alone creates no lien cognizable in law or equity until such time as an order to deliver or pay over the property is made or a receiver appointed.

The application is granted, and the award shall be applied, *first,* to the city of New York for water charges, with interest and penalties; *second,* in satisfaction of the attorney's liens; and the balance shall be paid to the petitioner, as trustee in bankruptcy.