Case 49.

## Hawkins *vs.* Ball's Adm'r.

PET. EQ

APPEAL FROM UNION CIRCUIT.

1. An answer to a petition which was sworn to and lodged with the papers of the cause, and used upon the trial of the suit, should be regarded as part of the record in this court, though never noted on the record.

2. The death of one contracting party cannot operate as a release or discharge from the performance of his part of the agreement, where it is of such a character that it may be performed by his personal representative. *Chitty in his treatise on Contracts*, 98, lays it down as the rule of law, "that death in general is no revocation of an agreement, unless it be a personal engagement to be performed by the testator himself only, and requires his personal skill or taste." (*Shultz & Co. vs. Johnson's Admr* 5 B. Mon. 500.)

3. A contract was to pay in sawing lumber at a stipulated price, the creditor to furnish the timber; he died, and no timber was furnished: Held, that the debtor could not be compelled to pay in money, nor was there any breach of contract until the timber had been furnished to the debtor and he refused to do the sawing.

[The facts of the case are set out in the opinion of the court.—REP.]

*Jeff. Brown,* for appellant—

The demurrer to the petition should have been sustained—it was not in any manner disposed of by

the court.   This was error.   The lodging of the an-
swer with the clerk was not a waiver of the demur-
rer.    (*Civil Code, sec.* 124.)

The death of one of the contracting parties does
not in general release his representatives from the
performance of his part of the contract, and if the
personal representative can perform it he is bound
to do so.   If the part of the contract to be perform-
ed be a precedent condition, and it can be performed
by the personal representative, he cannot sue until
it is performed.   If it could be performed by the de-
cedent alone, the performance will not be required,
but still no cause of action arises without perform-
ance of a precedent condition.

The appellant was not bound to saw lumber for
the son of the contracting party.   He was not the
representative of that party.   And the record does
not show that he was acting for the personal repre-
sentative of Hawkins.

The plaintiff failed to show a breach of contract
by Hawkins and cause of action.

*Harlan,* for appellee—

The court will see that the record clearly shows
that the answer of appellant was not filed.   The
court cannot presume this to be a clerical error be-
cause the clerk expressly states that it was *not* filed.
The statement of the clerk that the answer was used
in the trial cannot cure this defect.   The clerk, no
more than any other *witness*, can add anything to or
explain the *orders* of the court below.   The orders
must speak for themselves.   If we are correct in
this position, then the case must be considered upon
the allegations in the petition, the sufficiency of
which cannot be questioned.

An affirmance is asked.

Judge SIMPSON delivered the opinion of the court.          Feb. 3, 1858.

Ball, in his lifetime, sold to Hawkins, a saw and
grist mill, and about twenty acres of land, for the

HAWKINS
vs.
BALL'S ADM'R.

price of fifteen hundred dollars. The purchaser executed his note to a third person, for five hundred dollars thereof, and for the residue, he executed his two several notes to his vendor. The two notes last named, were according to the stipulations therein contained, to be paid in sawing at fifty cents per hundred feet, board measure, the vendor to furnish the logs out of which the lumber was to be sawed.

Ball, the vendor, died before the first note had been fully paid; and this action was brought by his administrator after his death, against Hawkins, the purchaser, to enforce the payment of the balance of the purchase money.

The plaintiff, in his petition, after stating the contract, alleged that it was out of his power to furnish logs sufficient to saw lumber enough at fifty cents per hundred feet, to pay the balance due on the notes, which were exhibited by him. He also alleged that the estate of his intestate was insolvent, and that he had brought an action for the settlement thereof, which was still pending. He did not allege that he, or any person authorized by him, had furnished any logs to be sawed into lumber by the defendant, but merely stated his inability to furnish the logs, and alleged that the defendant refused to pay the balance due upon the notes.

The defendant, in his answer, stated that he had frequently requested the plaintiff to furnish the logs, so that he might saw the lumber, and finish paying for the land, and that he had been always ready, willing and able, to comply with the contract on his part.

The court below rendered a judgment against the defendant for the balance of the purchase money, and from that judgment he has appealed.

On the part of the appellee it is insisted, that the

1. An answer to a petition which was sworn to and lodged with the papers of the cause, and used

judgment is correct, inasmuch as it appears that the answer of the appellant was never filed of record; and it is contended that the allegations in the petition must therefore be taken as true. It appears

however that the answer was sworn to and lodged among the papers immediately after the commencement of the action, and upwards of two years before the cause was tried. It is also evident from the record that the answer was used upon the trial, for a payment claimed in the answer, and not credited on the notes, was allowed by the final judgment. Under these circumstances, the answer should be treated as part of the record, notwithstanding the failure to notice it upon the order book, and should have the same effect as if it had been regularly filed of record.

But the same question would arise upon the plaintiff's petition alone, that is presented upon the whole record, so that it is not very material whether the answer is to be noticed by this court, or totally disregarded. The question is, and upon its determination the propriety of the judgment appealed from depends, can the appellant be compelled to pay the balance of the price of the land, in money, contrary to the express stipulations of his contract?

It is evident that the plaintiff's intestate could not, in his lifetime, have maintained an action on the notes against the purchaser for the balance of the price of the land, without showing a breach of the contract on his part. This he could only have done by alleging that he had furnished the logs, and the purchaser had failed or refused to saw the lumber. Does the death of the vendor change the nature of the contract, and convert the liability of the purchaser into a monied demand. The contract itself contains no such stipulation, and the death of one of the contracting parties cannot operate as a revocation of his part of the agreement, where it is of such a character that it can be performed by his personal representative. In *Chitty on Contracts, page* 98, it is laid down that " death is in general; no rev-
' ocation of an agreement, but it may, unless it be a
' personal engagement to be performed by the tes-
' tator himself only, and requiring his personal skill

HAWKINS
*vs.*
BALL'S ADM'R.
upon the trial of the suit, should be regarded as part of the record in this co't, though never noted on the record.

2. The death of one contracting party can not operate as a release or discharge from the performance of his part of the agreem't, where it is of such a character that it may be performed by his personal representative. *Chitty in his treatise on Contracts,* 98, lays it down as the rule of law, "that death in general is no revocation of an agreement, unless it be a personal engagement to be performed by the testator himself only, & requires his personal skill or taste." *Shultz & Co. vs. Johnson's Admr.* 5 *B. Mon.* 500.

HAWKINS
*vs.*
BALL'S ADM'R.

'or taste, be completed by his executor. This doc-'trine was recognized and acted on in the case of *Shultz & Co. vs. Johnson's adm'r.* (5 *B. Monroe,* 500.")

There is nothing *personal* in the character of that part of the contract which the vendor had to perform. Any person can furnish logs suitable to saw into lumber, and the personal representative can have that part of his intestate's engagement performed by other persons, if he cannot do it himself. The purchaser is only bound to pay the notes sued on in labor, and the logs have to be furnished by the other party, to enable him to perform this labor, and comply with his part of the contract.

It is always necessary to show a breach of a contract before any damages can be recovered for its violation. No breach of the appellant's contract was either alleged or proved. The judgment against him was therefore wholly unauthorized. He has not undertaken to pay the notes sued on in money, and no·judgment can be rendered thereon against him, unless a breach of his contract be first established.

It may be inconvenient for the administrator to manage such a demand, but that is no reason why the obligation of the other party should be changed. The demand may be of less value than a note for the payment of money, but that is a good reason why the obligor in the notes should not be compelled to pay the money. If the administrator cannot furnish the logs to be sawed into lumber, he has a right to have it done by others, or if it be more beneficial to the·estate, he can sell the debt, and thus convert it·into money. As there is an action pending for the settlement of the estate, he can submit the whole matter to the court in that case, and act with·safety under its direction.

Wherefore, the judgment is *reversed*, and cause remanded, with directions to dismiss the plaintiff's petition.

3. A contract was to pay in sawing lumber at a stipulated price, the creditor to furnish the timber; he died, and no timber was furnished: Held, that the debtor could not be compelled to pay in money, nor was there any breach of contract until the timber had been furnished to the debtor and he refused to do the sawing.