WILLIAM E. RUSSELL and Another, Respondents, *v.* SARAH E. BUCK-
HOUT, as Administratrix, etc., of ECKFORD WEBB, Deceased,
Appellant.

*Owner of real estate and a contractor — not in the relation of master and servant —
enforcement of performance of a contract of a decedent for the erection of a
building.*

The relation of master and servant does not exist between the owner of real
estate and a person with whom he contracts to erect a building thereon.

*Semble*, that where a decedent contracts for the erection of a building on land, his
heir at law can enforce the performance of the contract at the expense of the
personal estate of the deceased.

DYKMAN, J., dissenting.

APPEAL by the defendant, Sarah E. Buckhout, as administratrix,
etc., of Eckford Webb, deceased, from a judgment of the Supreme
Court in favor of the plaintiffs, entered in the office of the clerk of
the county of Kings on the 24th day of December, 1894, upon the
report of a referee.

*Louis O. Van Doren* and *Fred. J. Lancaster*, for the appellant.

*C. & T. Perry*, for the respondents.

CULLEN, J.:

There was nothing "personal" in this contract in suit. It was
a mere contract to do certain work for a stipulated price. The
plaintiffs were not to perform it personally, but at least in part

through their workmen. No relation of master and servant existed between the parties.

It is true that upon the death of Webb the house went by devise to Mrs. Ranken, and his personal representatives had no interest in it. But this would be the case in every contract for work on real estate where the testator does not devise the realty to his executors, or direct an equitable conversion. In *Lacy* v. *Getman* (119 N. Y. 111) Judge Finch does state that the executor had no power to put plaintiff at work on the land, or interest in it. But I think the decision does not proceed on that ground, but on the ground that death would substitute a new master.

It has been held that where the deceased had contracted for the erection of a building on land, the heir at law could enforce the performance of the contract at the expense of the personal estate. (3 Williams Executors, 1829.)

Brown, P. J., concurred, but thought the plaintiffs should not have costs.

Dykman, J. (dissenting):

The plaintiffs presented to the defendant, who is the administratrix of Eckford Webb, deceased, a claim for services and material performed and furnished in the reparation of a house belonging to Webb.

The claim was referred under the statute, and the referee has found that the contract for the work was made by Webb in his lifetime, and that he agreed to pay the plaintiffs $676 therefor.

The referee has further found that the plaintiffs entered upon the performance of their contract and continued the work until September 27, 1893, when Mr. Webb died. Then the work was suspended, but was afterwards resumed and completed in the month of December, 1893.

According to the testimony of one of the plaintiffs the value of the labor and materials furnished previous to the death of Webb was $150 or $175.

There is no material dispute about the facts, and the question involved is whether the plaintiffs can recover against the administratrix for work done and the materials furnished subsequent to the death of Webb.

The house in which the repairs were made by the plaintiffs was devised to Jessie Belknap Ranken by Webb, and she gave the order for the resumption of the work after the death of Webb.

The contention of the administratrix is that the estate is only liable for the work and material furnished previous to the death of her intestate, and that the owner of the property is liable to pay for all that was done by her order subsequent to the death of Webb.

The testimony respecting the original contract with Webb is quite unsatisfactory. It was given by the plaintiff Russell and the witness Ranken, both of whom are deeply interested and anxious to charge the estate with the claim. Independent of the consideration of such interest, however, it is impossible to gather from their testimony the fact that when the final estimate was submitted to Webb he gave the order to proceed with the work. In fact, our understanding of the evidence is, that Webb was then in an upper room sick and did not see Russell, and that Mrs. Ranken gave him the direction to proceed.

But the referee has found the fact according to the plaintiffs' contention, and as we intend to place our decision upon a different ground we will pursue that subject no further.

As we have already said, the work under the contract was done upon a house which belonged to Mrs. Ranken after the death of Webb, and the work after his death was done by the order of Mrs. Rankin. The administratrix of Webb, therefore, had no control of the work and no authority over the property. She had no right to enter the house or give any direction to the plaintiffs, and the estate had no interest in the performance of the contract, and the defendant in her representative character could derive no benefit therefrom.

Subsequent to the death of Webb the labor was upon a house of Mrs. Ranken, under her direction and control, for her benefit and by her order. The law will imply a contract on her part to pay for such work, and justice requires her to do so.

The contract in this case was an undertaking which required the exercise of peculiar skill and knowledge, which the plaintiffs were supposed to possess, and in such cases there has been a general concurrence of authority that the contract relations of the parties are severed and dissolved by the death of the person employed.

The rule is well settled that the death of a servant terminates the contract of employment independent of the question whether the undertaking required the exercise of skill or the rendition of manual services, and now the rule is held applicable to the master. (*Lacy* v. *Getman,* 119 N. Y. 112.)

The case of *Lacy* v. *Getman* (119 N. Y. 112) is much like this. The plaintiff there made a contract with the defendants' testator to work upon his farm for one year for $200. He entered upon the service in March and worked until the middle of July, when his employer died. By his last will and testament the testator devised and bequeathed to his widow a life estate in the farm and all his personal property.

. The executrix did not employ the plaintiff, but he continued to work upon the farm under the direction of the widow until the end of the year, and then commenced an action against the executrix for his services during the entire year.

The Court of Appeals decided that the rule that the relation of master and servant is dissolved by the death of either party applies in cases where the relation may be deemed purely personal and involves neither property rights nor independent action, and further that the rule is applicable both to the contract of the master and that of the servant, and includes as well cases where the services are those of unskilled as those where the services are of skilled labor.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiffs consent to reduce the judgment to $175 and the disbursements subsequent to the order of reference. If such stipulation be made, then the judgment, so modified, is affirmed.

Judgment modified so as to allow plaintiffs' disbursements, but no costs, and as so modified affirmed, without costs of appeal.