Van Brunt, P. J., Rumsey, O'Brien and Hatch, JJ., concurred.

Decree reversed and decree entered passing the accounts of the executrix as presented, with costs to appellant to be paid by respondents.

---

In the Matter of the Administration of the Estate of Augustin Daly, Deceased.

Frank V. Strauss & Company, Appellant; Joseph F. Daly and Others, Executors, etc., of Augustin Daly, Deceased, Respondents.

*Contract for the publication of theatre programs — it ends with the death of either party — right of an assignee thereof to recover of the owner money paid by his assignor thereunder.*

A contract by which the owner of a theatre gives a particular person the exclusive right to publish the official program of such theatre for a period of three years, which contract contains no provision indicating an intention to bind the representatives or the successors of the respective parties, and provides that the size of the program shall be determined by the owner of the theatre, and that his assent shall be obtained before any cuts shall be placed upon any part of the program except the last page, contemplates the continued existence of the owner of the theatre and of the person with whom the contract was made, and the death of either party, prior to the time that the publication is to begin, will dissolve the contract and end the liabilities of the parties thereunder.

An assignment of such a contract, made before the time fixed for the performance thereof, which recites that the consideration paid for the assignment represents a payment made under the contract by the assignor to the owner of the theatre, is effective, in the event of the dissolution of the contract by the death of such owner, to entitle the assignee to recover such payment from the owner's executors.

Appeal by the plaintiff, Frank V. Strauss & Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 10th day of July, 1900, upon the report of a referee.

*Frank C. Avery*, for the appellant.

*Stephen H. Olin*, for the respondents.

Ingraham, J. :

The appellant presented to the estate of Augustin Daly, deceased, a claim for the damages sustained under a contract between Augustin Daly and one William J. Moffatt, which contract Moffatt had attempted to transfer to the appellant. That claim having been disputed by the executors, a reference was under the statute ordered to hear and determine the claim. The referee decided that the claim should be dismissed ; upon his decision judgment was entered from which the appellant appeals.

The claim presented was for damages sustained by the violation of a contract, "including money paid said Daly, $1,500." The contract was in writing and signed by Daly, by which, in consideration of $1,500, Daly agreed "to give to William J. Moffatt the exclusive right of the publication of the official programme of my New York Theatre (Daly's Theatre) for a term of three years, beginning with the regular theatrical season of 1899–1900 and continuing two years thereafter on further payment of the sum of fifteen hundred ($1,500) dollars on August 19, 1900, and also of the sum of two thousand ($2,000) on August 19, 1901." On May 20, 1899, Moffatt, in consideration of the sum of $2,500, assigned to the appellant this contract and all his right, title and interest therein, and all his rights to any renewals thereof, the appellant to pay to Moffatt in addition the sum of $500 on September 1, 1900, and $500 on September 1, 1901. The assignment then continues as follows: "I have already paid Mr. Daly Fifteen hundred dollars ($1,500) under my said contract with him in payment of the amounts required under said contract for the season of 1899–1900, and the payment by you of Twenty-five hundred dollars ($2,500) this day made to me is a repayment of this Fifteen hundred dollars

($1,500) to me and One thousand dollars ($1,000) bonus in addition; and the two payments of Five hundred dollars ($500) each to be made as above stated are each a bonus to be paid to me by you over and above the amounts agreed upon by me to be paid to the said Augustin Daly in my said contract with him, which payments to be made to Mr. Daly you assume and agree to pay to him. . * * * If for any reason whatever you be not permitted to publish and circulate in Daly's Theatre the programme, I agree to repay you at once the Twenty-five hundred dollars ($2,500) and you will thereupon be released from making the two Five hundred dollar ($500) payments."

This contract was for three years beginning with the season of 1899–1900, which appears to have commenced in September, 1899, and before this contract was to be performed the assignment to the appellant was made. Daly died on June 7, 1899, before the contract was to be performed. After Daly's death his theatre was disposed of to others, and the appellant had no opportunity of performing the contract. It does not appear that Daly had any notice of this assignment of the contract or that he in any way approved of the substitution of the appellant for Moffatt. The performance of this contract by Daly was thus rendered impossible by his death, and as his executors did not continue the theatre after his death, there was no way by which either Daly or his personal representatives could perform the contract.

At the commencement of the trial before the referee, counsel for the executors stated that they considered that Moffatt, if he had not attempted to assign the contract, would now have a claim against the estate for $1,500, and that if the appellants would withdraw their claim and Mr. Moffatt, with the concurrence of the appellants, would present a claim for $1,500, that claim would be received without objection; if, however, that course should not be taken, the executors would deem it their duty to interpose all the defenses that they had to the claim as presented. Counsel for the appellant refused to accept that offer and the trial before the referee proceeded. Evidence was received as to the amount of profits that would have been made by the appellant if they had been allowed to perform the contract, and at the end of the testimony counsel for the executors moved to dismiss the claim on the ground that the

contract was not assignable and did not survive the death of Daly. On this testimony the referee held that this contract did not survive the death of Daly; that the appellant was, therefore, not entitled to recover any damages for a breach of the contract, and was not entitled to recover the $1,500 paid by Moffatt to Daly in this proceeding; and that the executors of Daly should have judgment dismissing the claim.

The two questions thus presented to the referee were, *first*, as to whether any right to damages accrued to either party to the contract by reason of the death of the other prior to the time that it was performed; and, *second*, whether appellant was entitled to recover the $1,500. It must be noticed that this contract was purely an executory contract, the performance of which was to commence in September, 1899, prior to which time the performance was rendered impossible by the death of Daly, one of the contracting parties. As there were no pleadings in this case we must depend upon the claim presented to determine just what right the appellant attempted to enforce; from that claim it would appear that the appellant demanded a recovery for the damages sustained by virtue of a breach of the contract, but as a part of the claim the amount paid to Daly was included. The consideration for the payment of that sum to Daly by Moffatt having become void, because the contract was rendered incapable of being performed by the death of Daly, it would seem that Moffatt would be entitled to recover that sum as money had and received.

We think that the referee was right in the conclusion at which he arrived, that this contract was of such a character that it was abrogated by the death of either party to it before the time of its performance; and that this contract came within the class which, though absolute upon its face, was made upon the implied condition of the continued existence of the parties thereto. It is not necessary to add anything to the opinion of the referee upon this point. He has, after a careful examination of the authorities, properly applied the rule stated in *Lorillard* v. *Clyde* (142 N. Y. 462) where the court says: "It is now well settled that when performance depends on the continued existence of a given person or thing, and such continued existence was assumed as the basis of the agreement, the death of the person or the destruction of the thing puts an end

to the obligation." This contract itself is clearly based upon the continued management of the theatre by Daly and the rendition of the services in relation to this official programme by Moffatt. Moffatt was to have the exclusive right of the publication of the programme for Daly's Theatre. The size of the programme was to be determined by Daly, and his assent was required before there should be any cuts upon any part of the programme, except the last page. It seems to us quite clear that this contract contemplated only a theatre personally managed by Daly, and that what Moffatt was to do was to provide the programme used in such a personally conducted theatre. It could hardly be said that Moffatt's representatives would have been bound to furnish the programme in the event of his death. There is no provision in the contract which indicates an intention to bind the representatives or the successors of the respective parties; and we think the continued existence of the theatre managed by Mr. Daly, and of Moffatt, the person to perform the services, was the basis upon which the contract was to continue, and that the death of either, prior to the execution of the contract, would dissolve the contract and abrogate the liability of the parties under it.

The remaining question is as to the right of the appellant to recover the $1,500 paid by Moffatt to Daly upon the execution of the contract. The claim presented included a demand for the recovery of this amount. The assignment of the contract by Moffatt expressly provided that the consideration paid for that assignment was a repayment of the $1,500 paid by Moffatt to Daly and this, we think, was sufficient to transfer the right to recover from Daly or his estate, the amount paid by Moffatt in the event that the contract should become incapable of performance. Certainly, after the repayment by appellant to Moffatt of the amount that Moffatt had paid Daly, Moffatt could have no further claim upon that sum or right to demand its repayment to him if, for any reason, that amount should be repayable by Daly. There could be no question but that Moffatt could have transferred the right to recover this amount after Daly's death, and we think that the instrument by which Moffatt attempted to assign the contract to the appellant was sufficient to transfer to it the right to recover this amount in the event that Moffatt should, for any reason, be entitled to its repay-

ment; and this, irrespective of the right of Moffatt to assign the contract without Daly's consent.

As we think that the appellants were entitled to recover this amount of $1,500, there must be a retrial; but, as the appellant fails in its main contention, and as the respondents were bound to defend the claim, it should be without costs.

The judgment is, therefore, reversed, and a new trial ordered before another referee, without costs on this appeal.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed, and new trial ordered before another referee, without costs on this appeal.