(92 Misc. Rep. 174)

AUSTIN BALDWIN & CO., Inc., v. KOHLER et al.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

ABATEMENT AND REVIVAL &#9758;53—MASTER AND SERVANT &#9758;41—BREACH—AMOUNT OF RECOVERY—DEATH OF PRINCIPAL.

Where plaintiff agreed to handle all export business of defendant's testator for one year for a certain sum, and for two months did handle the business, and defendant's testator thereupon repudiated the contract, plaintiff is entitled to recover the full amount for the year, whether or not the contract would have been abrogated by death of defendant's testator one month after the breach, for the cause of action had already accrued, and survived the death.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 251, 252; Dec. Dig. &#9758;53; Master and Servant, Cent. Dig. §§ 12, 50-53; Dec. Dig. &#9758;41.]

Appeal from City Court of New York, Trial Term.

Action by Austin Baldwin & Co., Incorporated, against Veronica Kohler and others, as executors of Charles Kohler, deceased. Judg-

ment for plaintiff for less than amount claimed, and plaintiff appeals. Reversed, and judgment for plaintiff in full directed.

See, also, 155 N. Y. Supp. 1092.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Thompson, Freedman & Cooke, of New York City (Carleton Sprague Cooke, John Reynolds, and Wilder Goodwin, all of New York City, of counsel), for appellant.

O'Gorman, Battle & Vandiver, of New York City (George Gordon Battle and Isaac H. Levy, both of New York City, of counsel), for respondents.

PAGE, J. The action was to recover damages for the breach of a contract. Charles Kohler was engaged in business under the name of Kohler & Campbell and controlled three corporations. On March 14, 1913, a contract was entered into of which the following is a copy:

"New York, March 14, 1913.

"Autopiano Company, Milton Piano Company, Automatic Action Company, Kohler & Campbell, New York City—Gentlemen: The undersigned hereby undertake to handle your general export business for one year from the date of your acceptance of our proposition on the following basis: You will intrust to us your general export business and pay us in full for our services the sum of $1,500, payable monthly. We will handle the same in the usual manner, and will pay for your account all necessary disbursements in connection with the same for ocean freights, consular fees. All disbursements paid or incurred by us we will bill to you, bills to be presented when shipment is placed on board vessel and paid upon presentation. We will pay over to you all sums of money returned to us by the steamship companies as brokerage. We will ask you to accept this proposition by signing the acceptance on page 2.

"Yours very truly,                           Austin Baldwin & Co., Inc.,
                                                        "E. Strohm, Secy."

Page 2:

"The undersigned hereby accept the foregoing proposition and agree to comply with the terms thereof.

"Dated, New York, March 25, 1913.

"Kohler & Campbell,
"Geo. W. Gittins, Genl. Mgr."

Plaintiff continued under this agreement to handle the export business of the four concerns for two months, and was paid therefor two installments of $125 each. On May 3, 1913, Mr. Gittins, as general manager of Kohler & Campbell, wrote plaintiff that the contract would eventually be unprofitable, and that their export department would attend to the business thereafter, "and we are therefore closing our business with you, at least for this year." It was proved that Charles Kohler died on June 4, 1913.

The plaintiff presented a claim to his executors for $1,250, and on its rejection brought this suit. The answer of the defendant contains two defenses: First, that the contract was induced by certain false and fraudulent representations, upon the discovery of which the contract had been rescinded on May 3, 1913; and, second, as a partial defense that the contract, being for personal services, was terminated by the death of Charles Kohler. The case was submitted to the jury, with a full and correct charge as to the first defense and the plaintiff's

cause of action, if the jury should find that no false representations were made; but the court further charged that the plaintiff in any event could not recover more than the installment that would be due at the time of the death of the testator, namely, June 4, 1913. To this latter charge an exception was taken. The jury returned a verdict for $140.

When the contract was wrongfully broken by the defendant's testator, a cause of action accrued to the plaintiff for damages in the amount remaining unpaid under the contract, namely, $1,250. Even if it was a fact that, if the contract had not been broken, it would have been abrogated before its expiration by the death of the defendant's testator, that has no bearing on the case. The damage is not thereby minimized. The cause of action had accrued, and survived the death of the party, and is properly chargeable against his estate.

The judgment will be reversed, with costs to the appellant, and, as all controverted questions of fact have been resolved in plaintiff's favor, judgment will be directed for the plaintiff for the sum of $1,-250, with interest upon each of the monthly installments of $125 from its due date, with costs. All concur.