(94 Misc. Rep. 142)

AUSTIN BALDWIN & CO., Inc., v. KOHLER et al.

(Supreme Court, Appellate Term, First Department.   March 29, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬅156—CLAIMS AGAINST ESTATES—CONTRACTS—PRESUMPTIONS.

A contract of decedent with plaintiff, requiring the plaintiff to handle export business in the usual manner, attending to disbursements for the period of one year, raises the presumption that decedent intended to bind his executors and administrators on such contract, unless it was of such a nature as to call for a personal quality of decedent; the words of the contract not sufficiently indicating a contrary intent.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. ⬅156.]

2. DAMAGES ⬅163(4)—BREACH OF CONTRACT—AMOUNT RECOVERABLE—BURDEN OF PROOF.

Contract of plaintiff to handle defendant's testator's export business for one year, through its agents, domestic and foreign, is not a contract for services, so as to relieve plaintiff from proving the amount of damages incurred through its breach; no presumption being in such case indulged that there was no expense in connection with the services.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 459; Dec. Dig. ⬅163(4).]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ☜1076—RECORD OF APPEAL—CONTENTIONS OF PARTIES.
   The plaintiff, who, on appeal, contended upon one phase of the case that his contract, for breach of which he sued, was not personal, was concluded by such contention, and could not, as to another phase of the case, urge that it was personal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4254, 4255; Dec. Dig. ☜1076.]

4. DAMAGES ☜163(1)—BREACH OF CONTRACT—BURDEN OF PROOF.
   The burden is upon the plaintiff to prove his damages for breach of contract for which he sues.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 454, 455; Dec. Dig. ☜163(1).]

5. DAMAGES ☜163(2)—BREACH OF CONTRACT—BURDEN OF PROOF—WAIVER.
   The burden of proving his damages being upon the plaintiff, who sues for breach of contract, it is immaterial, upon the question of waiver, whether defendants on the trial proved that the damages alleged could have been reduced.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 456, 457; Dec. Dig. ☜163(2).]

6. APPEAL AND ERROR ☜878(2)—SCOPE OF REVIEW—WAIVER OF DEFENSES.
   Although defendants, in an action for breach of contract, relying in the trial court on the contentions that the contract terminated on the death of their decedent, and that the contract was induced by false representations, thereby waived their right to urge plaintiff's failure to prove the damages suffered by the alleged breach as ground for reversal, there was no waiver which plaintiff could urge on its appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☜878(2).]

7. APPEAL AND ERROR ☜1177(8)—SCOPE OF REVIEW—DAMAGES—REASSESSMENT.
   Under Code Civ. Proc. § 1317, providing the judgments which may be rendered on appeal, the court cannot, on reversing a judgment on the ground that the jury was not permitted to consider the full extent of the damages, and therefore brought in a verdict apparently insufficient, increase the verdict through consideration of issues upon which the jury has not passed; such authority not being conferred by the statute.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4599; Dec. Dig. ☜1177(8).]

8. APPEAL AND ERROR ☜1177(8)—SCOPE OF REVIEW—JUDGMENT ENTRY.
   Where the jury was required, in an action for breach of contract, to assess damages for one month only, and the court on appeal ruled that damages for ten months should have been assessed, it could not thereupon assess an amount ten times that of the verdict, but the case was required to be remanded.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4599; Dec. Dig. ☜1177(8).]

9. APPEAL AND ERROR ☜1212(2)—REMAND—WAIVER OF OBJECTIONS.
   That defendants, in an action for breach of contract, failed to object on the ground that plaintiff had failed to prove his damages for one month, would not preclude them, on trial after remand of the cause, from raising such objection as to damages for a longer period not submitted to the jury.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713; Dec. Dig. ☜1212(2).]

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

10. APPEAL AND ERROR ☞1212(1)—REMAND—NEW TRIAL—SEVERANCE OF IS-
SUES.
　　Where new trial is granted after reversal of a judgment of damages for
breach of contract, the court cannot sever the issues, and confine the trial
solely to the amount of damages, upon which issue the cause was reversed.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713;
Dec. Dig. ☞1212(1).]

Action by Austin Baldwin & Co., Incorporated, against Veronica
Kohler and others, as executors of the last will and testament of
Charles Kohler, deceased. On motion to vacate a resettlement of
an order for judgment. Motion denied.

See, also, 92 Misc. Rep. 174, 155 N. Y. Supp. 196.

Argued October Term, 1915, before BIJUR and SHEARN, JJ.

Thompson, Freedman & Cooke, of New York City (Carleton
Sprague Cooke, John Reynolds, and Wilder Goodwin, all of New
York City, of counsel), for appellant.

O'Gorman, Battle & Vandiver, of New York City (George Gordon
Battle and Isaac H. Levy, both of New York City, of counsel), for
respondents.

BIJUR, J. This matter comes before us on a motion to vacate a
resettlement of our order for judgment. On the original appeal to
this court judgment in favor of plaintiff for $125 (and costs) was set
aside, and judgment in favor of plaintiff for $1,250 directed. Suit was
brought by plaintiff to recover damages for breach of an executory
contract made with defendants' testator. The contract, dated March
14, 1913, provided, so far as material, that the plaintiff will "handle
the same [i. e., Kohler's export business] in the usual manner, and
will pay for your [Kohler's] account all necessary disbursements in
connection with the same for ocean freights, consular fees" during the
year succeeding the acceptance, which was March 25, 1913. Kohler
died June 4th of that year, but on May 3d the manager of his busi-
ness had repudiated the contract. The opinion of this court, revers-
ing the judgment below, is reported in 92 Misc. Rep. 174, 155 N.
Y. Supp. 196. An opinion of an appellate court, it need hardly be
said, does not necessarily set forth all the reasons of all the mem-
bers of the court for arriving at the conclusion therein indicated.

[1] In my view, the language of Judge Peckham in Chamberlain
v. Dunlop, 126 N. Y. 45, 52, 26 N. E. 966, 967 (22 Am. St. Rep. 807),
is applicable to the contract here involved:

"The presumption is that the party making the contract intends to bind his
executors and administrators, unless the contract is of that nature which calls
for some personal quality of the testator, or the words of the contract are
such that it is plain no presumption of the kind can be indulged in."

It seems to me that this contract, tested by this rule, was intended
to be binding upon the defendants as executors of Charles Kohler,
deceased. See Kernochan v. Murray, 53 Hun, 50, 5 N. Y. Supp.
869, which was another phase of a case reported in 111 N. Y. 306,
18 N. E. 868, 2 L. R. A. 183, 7 Am. St. Rep. 744, and Russell v.

Buckhout, 87 Hun, 46, 34 N. Y. Supp. 271. See, also, Hawkins v. Ball, 57 Ky. (18 B. Mon.) 816, 68 Am. Dec. 755; Drummond v. Crane, 159 Mass. 577, 35 N. E. 90, 23 L. R. A. 707, 38 Am. St. Rep. 460. In this respect this case differs radically from Matter of Daly, 58 App. Div. 49, 68 N. Y. Supp. 596, and Spalding v. Rosa, 71 N. Y. 40, 27 Am. Rep. 7. See, also, Tete v. Lanaux, 45 La. Ann. 1343, 14 South. 241 (distinguishing between the death of an obligor and an obligee, under the Louisiana Code).

Entertaining these views, I could not escape the conclusion that the learned trial court had erred in ruling in substance that the contract by virtue of its terms was ended by the death of Charles Kohler, and that, therefore, no recovery could be had for the time succeeding his decease. There had been no suggestions, as I recall it, either at the trial or in the briefs submitted to us, that the defendants urged or desired to urge any point other than that the contract had been induced to be made on their part by false representations of the plaintiff, and that the learned trial judge had correctly ruled (in his charge) that recovery must be limited to the term of the life of Kohler. It seemed to us, therefore, that as the jury had found adversely to defendants on the fact, and the judge had ruled adversely to plaintiff on the question of the term of the contract, which ruling we were about to reverse, judgment might properly be directed in favor of plaintiff for the full amount provided in the contract to be paid to plaintiff.

We do not recall that on the motions for reargument or for leave to go to the Appellate Division, made by defendants, the point was raised by defendants that they were entitled to have plaintiff make proof of his actual damage, so that defendants might in substance have credit for the amount which it would have cost plaintiff to perform its part of the agreement. That point, however, was directly raised on a motion to resettle our order, so as to grant a new trial in place of directing judgment in favor of plaintiff for the full amount. Upon the present motion, plaintiff challenges the correctness of our granting the motion to thus resettle the order on two grounds: (1) That defendants have waived their right to litigate this point, because they neither proved nor offered to prove at the trial below what, if anything, it would have cost plaintiff to perform the contract. (2) That the contract is of such nature that it must be treated as one for "services," namely, one in which it must be presumed that the plaintiff would be put either to no expense or to an expense substantially negligible.

[2, 3] I find neither ground well taken. Upon the second point, plaintiff cites Ware Bros. Co. v. Cortland, etc., Co., 192 N. Y. 439, 85 N. E. 666, 22 L. R. A. (N. S.) 272, 127 Am. St. Rep. 914, where plaintiffs were permitted to recover the full contract price, without proof of cost of performance, under an agreement to insert defendant's advertisement in plaintiff's publication. The court there held, in substance, that it was manifest, as a matter of common knowledge, that the cost of printing an advertisement in a publication regularly issued was merely that of the "ink used and paper upon which it is

printed, and these articles are of such trivial value as not in our judgment to change the character of the contract from one for *services* to be rendered." I find nothing parallel to this in the contract in the instant case; nor does it become material to urge (as the plaintiff now does) that this contract calls merely for the performance of "services." The use of that word is significant in this connection only where the services are those of the contractor alone, namely, where they are personal, and that the Court of Appeals had personal services in mind in writing as it did in the Ware Case, is evident from its citation of Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285, and Milage v. Woodward, 186 N. Y. 252, 257, 78 N. E. 873. But that is quite different from assuming as matter of law that when one agrees, not merely to render services, but also to see that services of a varied and prolonged character are performed by his employés, he incurs no measurable expense in that regard. My inference would naturally be to the contrary. In addition to our own view that the contract in the case at bar, on the present state of the record, called for work and services other than personal, plaintiff is concluded upon that point by our having sustained on this appeal its own contention in that regard. In its brief on the appeal it urged:

"The presumption is that the party making a contract intends to bind his executors and administrators, unless the contract is of that nature which calls for some *personal quality* of the testator *or the other party.*"

And again:

"This contract is certainly at least as impersonal as a contract to build a house."

[4] This consideration, however, disposes equally of plaintiff's first point, for it is axiomatic that the burden lies upon the plaintiff to prove his damages arising out of a breach of contract. What plaintiff has in mind is the right or burden, as the case may be, of the defendants to show that these damages could have been reduced. See Railway Advertising Co. v. Standard Co., 83 App. Div. 191, 83 N. Y. Supp. 338, affirmed 178 N. Y. 570, 70 N. E. 1108.

[5] Consequently, whether defendants at the trial undertook to make that proof or not is wholly immaterial. Cases cited by plaintiff on this point, such as Northampton Bank v. Kidder, 50 N. Y. Super. Ct. 246, and Emmerich v. Hefferan, 53 N. Y. Super. Ct. 98, have no application whatsoever to the present controversy. They concern only motions for new trial on the grounds of newly discovered evidence.

[6] I think that what plaintiff is really endeavoring to urge upon us is that defendants, by relying below solely on their contention of law that the contract was terminated by the death of Kohler, and their contention of fact that the contract was induced by false representations, had forever waived the right to require plaintiff to prove that it had suffered damage by defendants' breach of the contract. It is undoubtedly true that defendants were barred from urging plaintiff's failure of proof in this respect as a ground for reversing the judgment against them, because they had not raised that point below,

but *defendants* did not appeal from the judgment against them for $125. It was upon the *plaintiff's* appeal that we reversed the judgment.

[7] I have herein explained that we proceeded to direct a judgment in favor of plaintiff for the full amount on the assumption, gratuitous though it may have been, that defendants did not desire to contest the amount but only to raise a question of law. We never, however, considered that defendants had, by waiver or otherwise, precluded themselves from litigating this point. Since, therefore, this question is now directly presented for our consideration, I am of opinion that, without defendants' consent, we have no power to direct the judgment originally ordered to be entered. Until the amendment of section 1317, infra, an appellate court on reversing a judgment would grant a new trial unless—

"the appellate court can see that no possible state of proof, applicable to the issues in the case, will entitle the party to a recovery." Edmonston v. McLoud, 16 N. Y. 543, 545; Brackett v. Griswold, 128 N. Y. 644, 28 N. E. 365; New v. Village of New Rochelle, 158 N. Y. 41, 43, 52 N. E. 647; Mansfield v. Mayor, etc., of New York, 165 N. Y. 208, 215, 58 N. E. 889.

Of course it cannot be successfully claimed that any such situation is presented in the case at bar. Our power, therefore, must be sought in section 1317 of the Code of Civil Procedure. This, however, as pointed out in the lucid opinion of Judge Miller in Middleton v. Whitridge, 213 N. Y. 499, 506, 507, 108 N. E. 192, does not warrant the appellate court to substitute its judgment on the facts for the judgment of the jury. As is said in Whitehead v. Kennedy, 69 N. Y. 462, 468:

"This would be substituting another tribunal from that known to the Constitution and the laws for the trial of causes."

And in Cuff v. Dorland, 57 N. Y. 560, 565, the Court of Appeals, speaking of the former General Term, said:

"They had power to order final judgment *when the facts were agreed to by the parties or found by the court or a jury on the trial.*"

See to the same effect, Benedict v. Arnoux, 154 N. Y. 715, 723–727, 49 N. E. 326.

In other words, I take it that we may say for practical purposes that the appellate court may for the nonce put itself in the position of the trial judge, and if there has been a motion to dismiss or to direct a verdict, upon which he has erroneously ruled, or special findings of the jury, upon which he has directed an erroneous general verdict, or a general verdict, which he has erroneously set aside, the appellate court may reverse the erroneous ruling and, disregarding it, give such judgment as would have been warranted *at that trial.* We have, however, no power, on reversing a judgment because the jury was not permitted to consider the full extent of the damage, and has, therefore, brought in a verdict apparently insufficient, to proceed to increase that verdict through consideration of issues upon which the jury has not passed. See, also, Dayton v. Parke, 142 N. Y. 391, 398, 37 N. E. 642.

[8] It is quite true that the verdict of the jury in the case at bar must necessarily have been predicated upon a finding that the contract was entered into by the defendants without fraud practiced by the plaintiff, and that, consequently, the plaintiff was entitled to the damages which he suffered for a breach of the contract as a whole. It may also be urged that, having found the damage for the one month to be, as claimed by the plaintiff, the full amount of the contract payment for that month, it may be inferred that the jury would have made a similar and equal finding for each of the remaining nine months, consideration of which was excluded from their determination. Had questions been submitted to the jury to make special findings separately as to the one month and as to the other nine, and had a general verdict then been directed by the court for the one month alone, we might be in position to cure the error committed on the trial by giving effect, as matter of law (in which respect alone the judge erred), to the actual findings of the jury; but no such procedure was followed. Nor is this view merely academic. It relates to a matter of substance and of practical merit.

[9] As the case was tried, defendants' answer interposed the plea of the death of Kohler as a fact limiting the amount of plaintiff's possible recovery to one month. With that in mind defendants might quite reasonably and properly have been indifferent to the amount of the verdict, since it could not possibly exceed $125. Nothing had occurred at the trial (plaintiff having made no proof of damage) which required defendants to call for a ruling of the court on the question whether the damages should be limited to the one month or not. Had the judge then charged the jury that plaintiff might recover for the full term of the contract, defendants might have excepted to the charge on the ground that there had been no proof of damage (Vail v. Reynolds, 118 N. Y. 297, 300, 23 N. E. 301), or might have taken such other appropriate action as to it seemed fit. The mere fact that it did not raise by objection or exception the point that plaintiff had failed to prove damages for one month does not, from any standpoint or for any purpose, prevent it from becoming entitled to raise that objection in respect of a period *which was never submitted to the determination of a jury.*

[10] Plaintiff has also asked on its present motion that, if we grant a new trial, we limit the same to the issue of the amount of damages, and exclude the question of the alleged fraud in procuring defendants' assent to the engagement. On grounds which are quite similar to those hereinabove discussed, we are equally without power to thus sever the issues in a case of this kind. Story v. N. Y. & H. R. R. Co., 6 N. Y. 85; Wolstenholme v. Wolstenholme File Co., 64 N. Y. 272; Goodsell v. W. U. Telegraph Co., 109 N. Y. 147, 16 N. E. 324.

Under these circumstances, and for these reasons, I am of opinion that we were without power to direct the judgment originally ordered, and that plaintiff's motion to vacate our resettlement of the order must be denied.

SHEARN, J., concurs.