O'CALLAGHAN & FEDDEN, INC., Plaintiff, Appellant, *v.* WILLIAM H. CONLIN, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 24, 1924.

**Master and servant — action for advances made to salesman — no express agreement as to advances — failure of defendant to rebut prima facie case presented by plaintiff — error to deny plaintiff's motion for directed verdict.**

It was error to deny plaintiff's motion for a directed verdict in its favor, in an action to recover advances made to the defendant, a salesman, by the plaintiff over a period of seven years, since there was no express agreement between the parties as to the advances and there is no evidence on defendant's part to rebut plaintiff's *prima facie* case that the advances constituted a loan to be repaid in the manner of any other indebtedness.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, after a trial by a judge and a jury.

*Cohen, Gutman & Richter* (*Theodore B. Richter,* of counsel), for the appellant.

*Lawrence H. Sanders,* for the respondent.

*Per Curiam.* Plaintiff sued to recover advances made to the defendant who had been its salesman, such advances having been made over a period of some seven years.

Defendant entered plaintiff's employ sometime in 1915 or 1916, his arrangement at that time being a salary or drawing account of $12.50 a week and two and two-thirds per cent commission. In about March, 1919, the arrangement was changed to four per cent. From that time on " he was allowed to draw what he needed," an average of from $50 to $60 a week. He voluntarily left plaintiff's employ on November 8, 1922. For four months prior to that

time he had a definite arrangement to draw $230 a month. On the day he left its employ he executed a paper agreeing to pay plaintiff "the amount of money I owe them at the rate of $25 per week * * * until the entire amount I owe them is paid." During the entire period when defendant was drawing "what he needed," he received semi-annual statements from plaintiff showing the amount of his commissions and the amount of his drawings, the former as a credit and the latter as a debit, and opposite the balance was the phrase "due O'Callaghan & Fedden, Inc.," or words of similar import. The balances were carried forward from month to month. The final statement, dated December 1, 1922, showed a balance due plaintiff of $2,480.77, for which, less certain deductions, this action is brought.

Defendant testified frankly that there was no express agreement in reference to the advances between March, 1919, and July, 1922.

Neither the charge of the learned judge below nor the requests to charge that were made presented any clear cut issue to the jury. It is, to say the least, very doubtful upon the record whether the jury could have understood the precise issue that they were called upon to determine.

The numerous cases defining the obligation of a salesman who is employed upon commission with a provision for either "advances" or a "drawing account," are manifestly not directly applicable because it is conceded that there was in the present case no express agreement. Neither side is in doubt as to the application of rules of law to any particular form of agreement. The real question is what inference must, or may be, drawn from the evidence.

Plaintiff undoubtedly made out a *prima facie* case of absolute indebtedness, for, on defendant's own story, he received the sum sued for in weekly installments over and above the amount of his commissions earned from time to time, and received, without objection, semi-annual statements showing the balance "due" to the plaintiff. As against this we find nothing to rebut the inevitable inference that the advances constituted a loan to be repaid in the same way as any other indebtedness.

The respondent's argument on this appeal proceeds on the theory that unexplained payments must be regarded as in satisfaction of a debt and not as a loan. The fallacy of this argument is that the payments in the present case were not unexplained. There appears to be no evidence at all to rebut the *prima facie* case presented by the plaintiff.

We are of opinion that it was error to deny plaintiff's motion for a directed verdict, but since plaintiff subsequently asked to go to

34

the jury (after both sides moved for a direction) we are without power to direct a verdict (See *Baldwin & Co., Inc.,* v. *Kohler,* 94 Misc. Rep. 142), but are compelled to confine ourselves to reversing the judgment and directing a new trial, with costs to appellant to abide the event.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Judgment reversed and new trial ordered.